YEE YET et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 11, 1910.)

No. 115.

ALIENS (§ 32*)—EXCLUSION OF CHINESE—REVIEW OF JUDGMENT IN DEPORTATION PROCEEDINGS.

Where the right of persons of the Chinese race, who entered the United States surreptitiously, to remain, depended entirely on the question of fact whether they were natives of this country, the decision of the District Court, which heard the witnesses testify, will not be reversed on appeal.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

Appeal from the District Court of the United States for the Western District of New York.

Yee Yet and Yee Kee Guey were adjudged unlawfully in the United States under the Chinese exclusion laws, and ordered deported, and they appeal. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This cause comes here upon an appeal from a judgment of the District Court, Western District of New York, adjudging that the appellants were Chinese persons unlawfully within the United States, and ordering them to be deported.

D. M. Silver, for appellants.
Donald Bain, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The appellants were concededly of Chinese descent, and were arrested in July, 1908, after landing in Buffalo from a small boat in which they had been brought across the Niagara river by two men who were subsequently convicted of smuggling other Chinamen at the same time. The sole issue of fact in the case is that they were born in the United States. Their contention is whether they were born in San Francisco in 1886 and 1887, respectively, and left for China with their parents in 1894, from which place they returned in 1908. The witnesses were Moy Dock, who stated that he was their uncle and admitted he had not seen them for 14 years, when they were about 6 years old, and the appellants themselves.

The issue was tried before the District Judge, who certainly was in no way prejudiced against appellants, since he states that at the close of Dock's testimony he was impressed in their favor. The decision was adverse, not only because of inconsistencies in their own testimony and unexplainable lapses of memory, but because their demeanor on the stand indicated that, although they fully understood all questions that were put to them, they purposely omitted to state things, which they might have stated in answer to counsel for the government, for fear that their statements might be contradicted. He was satisfied that they did not testify frankly, and so states in his opinion. Under these circumstances we are not inclined to reverse a decision, when the court which rendered it has had the advantage of seeing and hearing the witnesses, and thus forming a better judgment than we possibly could as to their credibility.

Judgment affirmed.