WONG HEUNG v. ELLIOTT, U. S. Marshal.

(Circuit Court of Appeals, Ninth Circuit. May 9, 1910.)

No. 1,791.

**1.** HABEAS CORPUS (§ 113*)—REVIEW—FINDINGS OF FACT.

On appeal in a habeas corpus case for the discharge of a Chinese person held for deportation, the findings of the lower court are not conclusive, and all questions of fact on the evidence are open to consideration by the appellate court; but such findings should not be set aside. unless the evidence in the record is such as to convince the court that they are erroneous.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. § 113.*]

**2.** ALIENS (§ 32*)—DEPORTATION OF CHINESE—FRAUDULENT MARRIAGE OF WOMAN TO EVADE JUDGMENT OF DEPORTATION.

Evidence considered, and *held* to sustain a finding that the marriage of a Chinese woman, after a judgment of deportation against her, and while at large on bail pending an appeal, to a native-born citizen of the United States, was not in good faith, but a mere sham, pretense, and form, for the purpose of evading the judgment of deportation.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

Citizenship of Chinese persons, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

Appeal from the Circuit Court of the United States for the Northern District of California.

Proceeding by Mrs. Wong Heung against C. T. Elliott, United States Marshal for the Northern District of California for a writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

On August 1, 1907, Wong Chun was arrested, charged with violation of the act of Congress entitled "An act to prohibit the coming of Chinese persons into the United States," approved May 5, 1892 (Act May 5, 1892, c. 60, 27 Stat. 25), and the act amendatory thereof, approved November 3, 1893 (Act Nov. 3, 1893, c. 14, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1320]), and the act approved April 29, 1902 (Act April 29, 1902, c. 641, 32 Stat. 176 [U. S. Comp. St. Supp. 1909, p. 473]). On September 27, 1907, after a hearing before a United States commissioner, she was ordered deported from the United States to China. On February 7, 1908, after a hearing on her appeal; and further evidence adduced in support thereof, the judgment of the commissioner was affirmed. On July 7, 1909, in compliance with said judgment, Wong Chun was taken into custody by the United States marshal for the purpose of deportation, and the following day, under the name of Mrs. Wong Heung, she filed a petition in the court below for a writ of habeas corpus, alleging that on October 28, 1908, pending her appeal to this court from the judgment of the district Court, she had been united in marriage to Wong Heung in the city of Oakland, state of California; that Wong Heung was a native-born citizen of the United States; and that by virtue of said marriage her status had been changed, and she was entitled to be discharged from custody. Upon the hearing on the order to show cause why the writ should not issue, the court below, upon the evidence, found that the marriage of the petitioner to Wong Heung was not entered into in good faith, but was a mere sham, pretense, and form, and had been entered into between the petitioner and Wong Heung solely for the purpose and with the intent of evading the effect of the findings, judgment, and order of deportation, and to enable the petitioner to remain within the United States, notwithstanding said order. From that judgment the petitioner appeals.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McGowan & Worley and Louis P. Boardman, for appellant.

Robt. T. Devlin, U. S. Atty., and Benjamin L. McKinley, Asst. U. S. Atty., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). As this is a case of habeas corpus, all questions of fact upon the evidence are open to consideration on the appeal, and the findings of the court below are not conclusive upon us, as they would be on a judgment of deportation. Johnson v. Sayre, 158 U. S. 109, 15 Sup. Ct. 773, 39 L. Ed. 914. The finding, however, should not be set aside, unless the evidence in the record is such as to convince this court that it was erroneous. Quock Ting v. United States, 140 U. S. 417, 11 Sup. Ct. 733, 851, 35 L. Ed. 501. Upon a careful consideration of the testimony, we are not convinced that the court below erred in finding that the marriage was not entered into in good faith, and that it was a mere sham, pretense, and form for the purpose of evading the judgment of deportation.

There are many circumstances and features of the testimony to support that conclusion. Wong Heung testified to the marriage; but he did not testify that it had been followed by cohabitation. Although he denied that he was aware of the judgment of deportation before the marriage, his conduct, as detailed by himself, points to the conclusion that he knew it, and that he, or the person who planned the scheme, deemed it necessary to observe some degree of secrecy. He and the appellant were at that time residents of San Francisco, but he took the appellant to Oakland to be married. The reason why he did so, he first testified, was that he particularly desired to secure the services of the interpreter there with whom he was acquainted. But he admitted that there was no difficulty in obtaining interpreters in San Francisco. But later, on being interrogated by the court, he said that the reason why he went to Oakland to get married was that it was because he knew a lawyer over there, a Mr. Walsh, and that he wanted the lawyer as a witness. But he admitted that he knew that any witness would do as well. Jee Cam, the interpreter, testified that he was present at the marriage ceremony in pursuance of a request which Mr. Walsh sent him, and that before the marriage ceremony he never had seen either of the contracting parties. Mr. Walsh did not deny that he sent for the interpreter; but the reading of his testimony conveys the impression that the interpreter was present, not at his instance, but at the instance of Wong Heung.

The appellant testified that she first met Wong Heung about a month before the marriage; that she was then living on Dupont street; and from her testimony, and from her refusal to answer certain questions, it is fairly inferable that she was then engaged in the occupation of a prostitute, as she had been engaged at the time of her arrest for deportation. She testified that she made the proposal of marriage to Wong Heung, but that she did not know why she was taken to Oakland to be married. She testified that since the marriage she had lived with Wong Heung on Sacramento street, San Francisco; but she did

not mention the place of their residence. It requires credulity to believe that Wong Heung married the appellant in ignorance of the fact that she was under judgment of deportation. Wong Heung was himself a Chinese laborer, a laundryman, and he testified that sometimes he worked and sometimes he did not. It does not appear that he had any fixed place of abode; but it does appear that he had been in trouble, charged with breaches of the law. Among the badges of fraud is the fact that Wong Heung found it necessary to attach to the marriage license and certificate of marriage photographs of himself and the appellant. Another is that, in applying for the marriage license, he falsely stated that he and the appellant were residents of Oakland. It is evident, we think, that the appellant took advantage of her admission to bail to return to her former occupation, and that by going through the form of a marriage to a citizen of the United States, pending her appeal to this court, she, or more probably, some other person, whose mind conceived the design, hoped to oppose an effectual bar to deportation in case the judgment of this court should be adverse to her.

The judgment is affirmed.