## CHU KING FOON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 1, 1911.)

### No. 32.

ALIENS (§ 32*)—CHINESE DEPORTATION PROCEEDINGS—FINDINGS OF FACT—REVIEW ON APPEAL.

Where, in proceedings for the deportation of a Chinese person, his own evidence as to whether he was born in China or in the United States is conflicting, the finding of the commissioner, affirmed by the District Court, that he was not born in the United States, will not be reviewed by an appellate court.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Northern District of New York.

Proceeding for deportation by the United States against Chu King Foon. From a judgment of deportation (179 Fed. 995), defendant appeals. Affirmed.

Thomas F. Phelan, for appellant.

George B. Curtiss, U. S. Atty. (Harry E. Owen, Asst. U. S. Atty., of counsel), for the United States.

Before LACOMBE, COXE, and WARD, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

COXE, Circuit Judge. This is an appeal from a judgment of the District Court for the Northern District of New York (179 Fed. 995), finding that the appellant is a Chinese laborer unlawfully in the United States and directing that he be deported to the Empire of China.

The appellant resisted deportation upon the ground that he was born in the United States. He was sworn before the commissioner and produced as witnesses two other Chinese persons, who gave testimony tending to show that he was born in San Francisco, his father and mother being, respectively, Jew Hing and Li She. In answer to this testimony the United States offered in evidence a statement made by the appellant to Inspecto. Wiley, through a Chinese interpreter, in which the appellant states, inter alia, as follows:

"I am 31 years old. I came to the United States about 15 years ago. I entered at the port of San Francisco. My home village in China is Low Village, Sun Woey District. I was born in San Francisco, and lived there 15 years. I forget where I was born in San Francisco. I don't remember where I was living during the 15 years. I do not remember the names of any streets in San Francisco. My father's name is Chu Ngoon May; my mother's name is Lum She."

There is much more to the same effect.

This testimony is inconsistent with the testimony given before the commissioner. Both cannot be true. The contradictions as to the names of his parents, the date of his birth and other improbable statements discredit his testimony and the commissioner was justified in disregarding it. The testimony in its most favorable aspect for the appellant presents a conflict. The commissioner saw and heard the witnesses and was much better qualified than an appellate court to determine their credibility. His decision on the facts should not be disturbed.

In the case of Chin Bak Kan, 186 U. S. 193, at page 201, 22 Sup. Ct. 891, at page 895, 46 L. Ed. 1121, the court says:

"We are of the opinion that we cannot properly re-examine the facts already determined by two judgments below."

The judgment of the District Court is affirmed.