GONG NOM WOOD v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 1, 1911.)

No. 38.

1. ALIENS (§ 32*)—CHINESE EXCLUSION ACTS—PROCEEDINGS FOR DEPORTATION.
   As a general rule, findings of fact made by a commissioner in a proceeding against a Chinese person for being unlawfully in the United States, concurred in by the District Court, will not be re-examined by the appellate court.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 93-95; Dec. Dig. § 32.*
   What Chinese persons are excluded from the United States, see note to Wong Yon v. United States, 104 C. C. A. 538.]

2. APPEAL AND ERROR (§ 1056*)—REVIEW—HARMLESS ERROR.
   The exclusion of testimony offered to show that a Chinese person, arrested for being wrongfully in the United States, was mentally deficient, *held* not prejudicial to defendant, even if error, where he was not sworn as a witness, and a copy of his examination when arrested, offered in evidence, was not objected to by his counsel on that ground.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1056.*]

Appeal from the District Court of the United States for the Southern District of New York.

Proceeding for deportation of Gong Nom Wood, a Chinese person. From an order of deportation, defendant appeals. Affirmed.

James A. Donegan, for appellant.

Henry A. Wise, U. S. Atty. (James R. Knapp, Asst. U. S. Atty., of counsel), for the United States.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. [1] The appellant, a Chinese laborer, held by the United States commissioner and District Court not to be entitled to remain in the United States, appeals from an order of deportation to China. The record affords ground for their conclusion. Independently of this, we should not feel disposed to re-examine facts found by two tribunals below. The general rule not to do so is laid down by the Supreme Court in Chin Bak Kan v. United States, 186 U. S. 193, 201, 22 Sup. Ct. 891, 46 L. Ed. 1121.

[2] The error principally urged is that the commissioner erred in excluding the testimony of Dr. Thom. The purpose was to show that the appellant was mentally deficient. Thereafter his counsel called him as a witness and showed that he did not comprehend the nature of an oath, and the commissioner declined to permit him to be sworn for that reason. At a subsequent examination, six weeks later, the

United States offered in evidence a stenographic report of the appellant's examination taken when he was arrested. This was proven by the United States inspector, the Chinese interpreter, and the stenographer. It gives no evidence of mental incompetency, and the appellant's counsel did not object to it for that reason. His objection was as follows:

"Mr. Knapp: I offer that in evidence.

"Mr. Donegan: I object to it as incompetent, immaterial, and irrelevant, and for the further reason that the defendant was under arrest at the time this examination was made. It was not a judicial proceeding.

"The Commissioner: I think it ought to be allowed to go in for what it is worth, subject to any objection that may be taken hereafter, and subject to a motion to strike out.

"Said paper is received in evidence and marked Government Exhibit 1."

If counsel had relied upon the objection that the appellant was mentally deficient and had offered to show it, there can be little doubt the commissioner would have permitted him to do so.

The order of deportation is affirmed.