BAK KUN v. UNITED STATES.

TING FONG v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 5, 1912.)

Nos. 2,170, 2,171.

1. CRIMINAL LAW (§ 406*)—DEPORTATION PROCEEDINGS—EVIDENCE—DECLARATIONS OF DEFENDANT.

Where, on the arrest of Chinese persons in deportation proceedings, they were taken before an inspector and through an official interpreter informed that it was the intention to ask them questions touching their right to remain in the United States, that they need not answer the questions unless they wished to, and that the answers might be used against them, after which they made statements, which were taken in shorthand, transcribed, and read to and signed by them, they were subsequently admissible against them.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 785, 894–927; Dec. Dig. § 406.*]

2. ALIENS (§ 20*)—CHINESE PERSONS—DEPORTATION PROCEEDINGS—STATUTES.

Congress had power to pass Act May 5, 1892, c. 60, § 3, 27 Stat. 25 (U. S. Comp. St. 1901, p. 1320), and Act April 29, 1902, c. 641, 32 Stat. 176 (U. S. Comp. St. Supp. 1909, p. 473), providing that Chinese persons arrested under the provisions of the act shall be adjudged to be unlawfully within the United States, unless they shall establish by affirmative proof, to the satisfaction of the judge or commissioner, their lawful right to remain.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 73; Dec. Dig. § 20.*

What Chinese persons are excluded from the United States, see note to Wong Yon v. United States, 104 C. C. A. 538.]

3. ALIENS (§ 32*)—DEPORTATION PROCEEDINGS—CHINESE PERSONS.

In Chinese deportation proceedings, evidence *held* insufficient to sustain defendants' right to remain in the United States on the ground that they were born in the United States.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 93–95; Dec. Dig. § 32.*]

Appeals from the District Court of the United States for the Eastern District of Michigan.

Deportation proceedings by the United States against Bak Kun and against Ting Fong. From a commissioner's deportation order, affirmed by the District Court, defendants appeal. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

T. E. Milchrist (Frank T. Milchrist and J. V. D. Willcox, on the brief), for appellants.

J. E. Bland, Asst. U. S. Atty. (Frank H. Watson, U. S. Atty., on the brief), for the United States.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. The proceedings in these cases are based upon complaints that appellants are Chinese laborers and in the United States in violation of the provisions of the Chinese exclusion laws. The cases were heard before a United States commissioner in Detroit, under a stipulation between counsel that the testimony taken in one case should be used in the other as far as applicable. The commissioner adjudged in each case that the appellant was a Chinese laborer and unlawfully in the United States, and ordered each to be deported to China. Appeals were taken to the District Court, where the orders of the commissioner were affirmed. The cases are pending here on appeals, were heard together, and will be disposed of in one opinion.

[1] Learned counsel frankly state that the cases do not involve important questions of law, and in terms rest the defense on an issue of fact. The contention is that each of the appellants was born in San Francisco, and that they went to China and subsequently returned to this country by way of Vancouver and Toronto. They entered this country on their return surreptitiously. They were found by a railroad employé at 6:30 a. m. in a box car standing on a track in Detroit. The car was sealed on both sides; but the end seal was found broken, and it was thought by the railroad employé that they had entered at the end of the car. The car was brought into Detroit from Windsor, Canada, during the previous night, and appellants had been seen in Windsor some time before. The appellants were turned over to the custody of immigration officers, and they (appellants) subsequently made certain statements under oath. During the trial before the commissioner, these statements were received in evidence over objection, and the rulings in that behalf are assigned as error. The statements were taken in each instance through an official interpreter. Appellants were plainly told by the inspector in advance that the intention was to ask them questions touching their right to remain in the United States, that they need not answer the questions unless they wished to, and, further, that the answers might be used against them. The statements were taken in shorthand, transcribed, and read to appellants, and they thereupon signed them. We think the statements were admissible. United States v. Hung Chang, 134 Fed. 19, 25, 67 C. C. A. 93 (C. C. A. 6th Cir.); Low Foon Yin v. United States Immigration Commissioner, 145 Fed. 792, 793, 76 C. C. A. 355 (C. C. A. 9th Cir.); Chew Hing v. United States, 133 Fed. 227, 66 C. C. A. 281 (C. C. A. 9th Cir.); United States v. Wong Du Bow (D. C.) 133 Fed. 326, 328. Each appellant contradicted his statement (before mentioned) in large measure at the trial, and a number of other witnesses testified in their behalf; some of their statements

being simply hearsay. When all the testimony is considered, it is distinctly conflicting.

[2] The commissioner saw the witnesses and heard them testify. After reviewing and considering the evidence, he was not satisfied that · either appellant was born in this country; and the court below affirmed the judgments and orders of the commissioner. The act of Congress provides that every "Chinese person or person of Chinese descent arrested under" its provisions "shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof, to the satisfaction" of the judge or commissioner "his lawful right to remain in the United States." 27 U. S. Stat. L. 25, § 3; 32 U. S. Stat. L. 176, c. 641. The power of Congress to impose this burden is settled. Chin Bak Kan v. United States, 186 U. S. 200, 22 Sup. Ct. 891, 46 L. Ed. 1121; Li Sing v. United States, 180 U. S. 486, 493, 21 Sup. Ct. 449, 45 L. Ed. 634; Low Foon Yin v. United States, supra, 145 Fed. 797, 76 C. C. A. 355.

[3] We are not persuaded, upon the merits of the cases, that the facts do not sustain the judgments below. The cases are therefore distinguishable from the decision of this court in Pang Sho Yin v. United States, 154 Fed. 660, 83 C. C. A. 484. Besides, in Chin Bak Kan v. United States, supra, when speaking of two judgments of deportation, one of the commissioner and the other of the District Court, Chief Justice Fuller stated the rule thus (186 U. S. 201, 22 Sup. Ct. 895, 46 L. Ed. 1121):

"We are of opinion that we cannot properly re-examine the facts already determined by two judgments below."

In Tom Hong v. United States, 193 U. S. 517, 522, 24 Sup. Ct. 517, 520 (48 L. Ed. 772), Mr. Justice Day said in respect of a judgment holding that plaintiffs were "bona fide merchants":

"It is true that the findings of the commissioner and in the District Court in cases of this character should ordinarily be followed in this court, and will only be reconsidered when it is clear that an incorrect conclusion has been reached."

See, also, Yee Yet v. United States, 175 Fed. 565, 566, 99 C. C. A. 187 (C. C. A. 2d Cir.); Wong Hueng v. Elliott, 179 Fed. 110, 111, 102 C. C. A. 408 (C. C. A. 9th Cir.); Hong Yon v. United States, 164 Fed. 330, 90 C. C. A. 542 (C. C. A. 2d Cir.); Yee King v. United States, 179 Fed. 368, 102 C. C. A. 646 (C. C. A. 2d Cir.); Chu King Foon v. United States, 191 Fed. 822 (C. C. A. 2d Cir.).

The judgment in each case must be affirmed.