### FONG PING NGAR v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

#### No. 211.

1. ALIENS ⬤═╾32—PROCEEDINGS FOR DEPORTATION OF CHINESE—CITIZENSHIP
   —BURDEN OF PROOF.
      The burden is upon a Chinese person, who claims to be a citizen, to show by affirmative proof that he was born within the United States.
      [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⬤═╾32.]

2. ALIENS ⬤═╾32—PROCEEDINGS FOR DEPORTATION OF CHINESE—REVIEW.
      Unless there are special circumstances, a finding by a commissioner, and also by a District Court on a hearing de novo, that a Chinese person was not born in the United States, will not be reversed on appeal.
      [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⬤═╾32.
      What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an order of the District Court, Southern District of New York, affirming an order of the United States commissioner and ordering defendant's deportation to China.

M. J. Kohler, of New York City, for appellant.

H. Snowden Marshall, U. S. Atty., and F. M. Roosa, Asst. U. S. Atty., both of New York City, for the United States.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. Defendant alleged that he was born in San Francisco—or rather that his father told him he was born there —and that he had never been out of the United States. His counsel has argued at great length and with an abundant citation of authorities that on questions of pedigree hearsay evidence is admissible. He evidently supposes that in our recent decision in Lee Sim v. U. S. (C. C. A.) 218 Fed. 432 † (Nov. 1914), we held that such testimony was not admissible. This is a mistake; testimony may be competent, and nevertheless unconvincing or even unpersuasive, and we were not impressed by Lee Sim's statements that he was "born here."

[1, 2] In the case at bar the defendant was examined, first by the

---

⬤═╾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

United States Chinese and immigrant inspector, with interpreter and stenographer. He was next given a hearing before the United States commissioner, at which he was examined at considerable length, as also were several witnesses called on his behalf. Finally he was given a trial de novo before Judge Hough in the District Court, when he was himself re-examined by the judge. In the testimony as it stands on the record before us there are numerous inconsistencies and contradictions, and there was a lack of testimony which it would seem might have been produced if defendant had, as he said, lived in New York City for 20 years. The burden is upon a Chinese person, who claims to be a citizen, to show by affirmative proof that he was born within the United States. The two tribunals who had the opportunity of seeing and hearing the appellant and his witnesses have both agreed that he has not established his right to remain here. We find nothing peculiar or exceptional in the case, and under the authorities see no reason for reversing their judgment. Chin Bak Kan v. U. S., 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121; Tom Hong v. U. S., 193 U. S. 522, 24 Sup. Ct. 517, 48 L. Ed. 772; Chu King Foon v. U. S., 191 Fed. 822, 112 C. C. A. 336; Gong Nom Wood v. U. S., 191 Fed. 830, 112 C. C. A. 344; Jin Dun v. U. S., 164 Fed. 330, 90 C. C. A. 542.

A further point raised on this appeal is discussed in our opinion in Hom Lim v. U. S., 223 Fed. 520, —— C. C. A. ——, handed down herewith.

The order is affirmed.