UNITED STATES ex rel. HAUM PON v. SISSON, Chinese Inspector.

(District Court, S. D. New York.　May 1, 1915.)

1. ALIENS ⟨⟩32—DEPORTATION—CHINESE.
　　Under the Chinese Exclusion Acts and Immigration Act Feb. 20, 1907, c. 1134, § 21, 34 Stat. 905 (Comp. St. 1913, § 4270), warrant is properly issued for deportation of a Chinese person, a laborer; he not having, and making no claim that he ever had, a certificate, and there being no competent testimony that he was born in the United States.
　　[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⟨⟩32.]

2. ALIENS ⟨⟩32—DEPORTATION—CHINESE—COUNTRY OF RETURN.
　　A Chinese person is properly deported to China, and not to Canada, notwithstanding evidence that he entered through Canada; there being no evidence that he had acquired a domicile there, and he declining to state where he entered.
　　[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⟨⟩32.]

Habeas Corpus of Chinese laborer held under warrant of deportation.

Robert M. Moore, of New York City, for relator.

Harold A. Content, Asst. U. S. Atty., of New York City, for respondent.

LACOMBE, Circuit Judge. [1] There is no competent testimony that the relator was born in the United States. See recent decision of Circuit Court of Appeals, Second Circuit, in U. S. v. Hom Lim, 223 Fed. 520; Fong Ping Ngar v. United States, 223 Fed. 523, April 13, 1915. He is indisputably a Chinese person, concededly a laborer, has no certificate and makes no claim that he ever had one. Under the Chinese Exclusion Acts and section 21 of the Immigration Act of 1907, the warrant for his deportation was properly issued.

[2] The evidence satisfies me that relator made his entry through Canada about the time he was arrested. There is no evidence to show that he had acquired a domicile in Canada. Being interrogated as to the place of entry, he replied: "You can find that out yourself." He should be deported to China, not to Canada. United States v. Sisson (D. C.) 220 Fed. 541.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes