## NG YOU NUEY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 8, 1915.)

No. 2595.

1. ALIENS ⊂⇒26—CHINESE EXCLUSION ACTS—APPLICABILITY.
    The Chinese Exclusion Acts do not apply to a person born in this country of parents of Chinese descent, who, though subjects of China, have a permanent domicile and residence and are carrying on business in this country.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 83; Dec. Dig. ⊂⇒26.
    What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

2. ALIENS ⊂⇒32—CHINESE EXCLUSION ACTS—PROCEEDINGS TO DEPORT—PROOF OF CITIZENSHIP.
    Under Act May 5, 1892, c. 60, § 3, 27 Stat. 25 (Comp. St. 1913, § 4317), providing that any Chinese person or person of Chinese descent arrested thereunder shall be adjudged to be unlawfully within the United States, unless such person shall establish by affirmative proof, to the satisfaction of the justice, judge, or commissioner, his lawful right to remain in the United States, where a person sought to be deported admitted that he was of Chinese descent, but claimed to be a native-born citizen, he was put to his proofs touching such citizenship, and was not entitled to the dismissal of the proceeding, since, though citizenship is a right, to exact proof of the fact of citizenship is not an attempt to destroy such right.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊂⇒32.]

3. ALIENS ⊂⇒32—CHINESE EXCLUSION ACTS—DEPORTATION—COUNTRY TO WHICH DEPORTATION SHOULD BE MADE.
    Under Act May 5, 1892, § 2 (Comp. St. 1913, § 4316), providing that a person of Chinese descent, when adjudged to be not lawfully entitled to

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

remain in the United States, shall be removed therefrom to China, a person of Chinese descent was properly ordered deported to China, though it was not shown that he came from China, especially as there is a presumption that a person of Chinese descent, who fails to show that he is a native-born citizen, is a subject of the republic of China.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ☞32.]

Appeal from the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Proceeding to deport Ng You Nuey. From a decree affirming an order of deportation, defendant appeals. Affirmed.

Complaint was filed before a United States commissioner for the Southern district of Ohio, February 21, 1913, charging that appellant "is a Chinese manual laborer and is now within the limits" of such district "without the certificate of residence required by the act of Congress entitled 'An act to prohibit the coming of Chinese persons into the United States,' approved May 5, 1892 (27 Stat. 25, c. 60), and the act amendatory thereof, approved November 3, 1893 (28 Stat. 7, c. 14), and the act amendatory thereof, approved April 27, 1904" (33 Stat. 428, c. 1630, § 5). Appellant appeared upon warrant before the commissioner. The complaint was "fully read and explained" to him, whereupon he entered a plea of "not guilty." The matter was subsequently heard before the commissioner, with counsel representing both parties. Two witnesses were sworn and examined on the part of the government; a typewritten draft of certain questions and appellant's answers thereto, together with a lease of certain property held by appellant under another name as lessee, were introduced in evidence. Thereupon the government rested its case, and appellant moved to dismiss. The motion was overruled, and appellant declined to introduce testimony. The commissioner found the complaint to be true, and entered an order of deportation to China. The matter was appealed to the District Court, and there tried upon proofs offered by both sides. The government called a witness to show that appellant, Ng You Nuey, "is a person of Chinese descent." This was admitted by Nuey's counsel, but with the limitation that the admission should not imply that Nuey "was born in China." The government then rested its case, motion to dismiss Nuey was overruled, and no exception reserved. Nuey then offered his proofs, the government presented proofs in rebuttal, the court affirmed the order of the commissioner, and Nuey appeals.

C. C. Williams, of Columbus, Ohio, for appellant.

H. E. Burns, Asst. U. S. Atty., of Columbus, Ohio, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge (after stating the facts as above). The defense relied on is in effect that appellant is a native-born citizen of the United States. Admitting that he is a person of Chinese descent, appellant testifies that he was born in 1879 in Vina, Cal.; that his father told him this, although at the age of 8 or 9 years the boy was sent to Ohio, and had never thereafter seen his father. He sought in several ways to corroborate his testimony. Three Chinamen were offered as witnesses in this behalf. Their testimony relates to matters said to have occurred with more or less frequency between appellant's early infancy and shortly before his arrest and trial in this case. It is also said that his parents resided and were engaged in business in San Francisco in 1879, and for some years later, when the mother died; and that the father remained until 1907, when he re-

turned to his home and died in China. But in our view of the record there are too many improbable circumstances, and, indeed, contradictions, in the testimony alike of appellant and these. Chinese witnesses, as well as in portions of the proofs, to warrant interference with the findings of the commissioner and the District Court. The learned trial judge gave full opportunity to' present the testimony and proofs. Two interpreters were present, one for appellant and the other for the government, and appellant's interpreter states that the testimony as ultimately translated and given to the stenographer is correct. The opinion of the trial judge shows most careful consideration of the facts, and he was "constrained to hold that the defendant and his three witnesses are not credible and that the defense made fails."

It is contended that, in view of some of the proofs, this testimony cannot rightfully be discredited. For example, a photograph of appellant, and another purporting to be that of his father, accompanied by certain affidavits, were introduced. These papers were obtained, it is said, with a view of identifying appellant on a proposed trip with his father to China. One of these affidavits is by appellant, and has attached to it his photograph; another appears to be the affidavit of appellant's father, with the father's photograph. Two other affidavits seem from the printed record to have each been signed by only one of appellant's Chinese witnesses, though we infer that one of them was signed also by another of these witnesses. While it is true that the affidavits of appellant and these witnesses were verified before competent and reputable officials of Ohio, and the affidavit of the father before a notary public of San Francisco, yet when the dates of execution and a statement contained in two of the affidavits are considered, the affidavits cannot be reconciled. Those of the appellant and one of his witnesses were taken in Ohio and dated, respectively, February 17 and May 12, 1908. The father's affidavit was signed in San Francisco, September 30, 1907, and the remaining one in Ohio, November 18, 1907. This latter affidavit distinctly refers to that of appellant, which, as we have seen, was not then executed, nor until some three months later; and the father's affidavit, although executed more than four months before that of his son, refers in express terms to the son's affidavit. Moreover, the learned trial judge, having the instruments before him, states that the affidavit executed in Ohio, November 18, 1907, and the one made in California, September 30th of that year—

"* * * are both carbon copies of the originals. They are on paper of the same kind and quality, of the same size, and have the same ruling and watermark. On each the venue and date of subscription were left blank, to be filled in when used. The affidavits in question contradict material portions of the evidence concerning them given by the defendant and his witnesses."

[1, 2] However, we cannot review the evidence in this opinion; it could serve no useful purpose. We appreciate the serious consequence to appellant of any mistake that might be made as to his citizenship. For it is perfectly plain that if he was in truth born in California, of parents of Chinese descent, who, although subjects of

China, had a permanent domicile and residence and were carrying on business in California, as appellant claims, the Chinese Exclusion Acts of Congress would not apply (United States v. Wong Kim Ark, 169 U. S. 649, 653, 705, 18 Sup. Ct. 456, 42 L. Ed. 890); yet it is equally plain that a defense of this character must be shown, not assumed.

It is contended that the court erred in declining to dismiss appellant upon his refusal to admit that he was born in China, though conceding that he was of Chinese descent. This would not be to interpret, it would be to frustrate, the third section of the Exclusion Act, which provides that a person of Chinese descent "shall establish by affirmative proof * * * his lawful right to remain in the United States" (27 Stat. 25). Thus the nature of the "lawful right to remain" is neither defined nor limited.[1] Citizenship is a fact, as well as a right, and to exact proof of the fact is not an attempt to destroy the right, but is to apply a rule of evidence to ascertain the truth or not of its existence. In Kum Sue v. United States, 179 Fed. 370, 371, 102 C. C. A. 648 (C. C. A. 2d Cir.), when speaking of testimony offered to show that appellants were born in Oakland, Cal., Judge Coxe, speaking for the court, said:

"This testimony was of so general a character that it is manifestly impossible for the government to obtain evidence to contradict it. The commissioner and the judge found it so inherently improbable that they did not believe it, and we are not prepared to hold that their action was arbitrary or their finding erroneous or clearly against the weight of evidence."

Chu King Foon v. United States, 191 Fed. 822, 823, 112 C. C. A. 336 (C. C. A. 2d Cir.); Moy Guey Lum v. United States, 211 Fed. 91, 94, 127 C. C. A. 515 (C. C. A. 7th Cir.). These decisions logically follow from the conclusion reached in Chin Bak Kan v. United States, 186 U. S. 193, 200, 22 Sup. Ct. 891, 46 L. Ed. 1121, that it is "competent for Congress to empower a United States commissioner to determine the various facts on which citizenship depends." Lee Yuen Sue v. United States, 146 Fed. 670, 671, 77 C. C. A. 96 (C. C. A. 9th Cir.), holds that the "statutes of the United States cast the burden upon appellant to prove to the satisfaction of the court that he was born in the United States." And to the same effect, United States v. Hung Chang, 134 Fed. 19, 22, 23, 67 C. C. A. 93 (C. C. A. 6th Cir.); Bak Kun v. United States, 195 Fed. 53, 55, 115 C. C. A. 55 (C. C. A. 6th Cir.); United States v. Chin Tong, 192 Fed. 485, 487, 112 C. C. A. 647 (C. C. A. 5th Cir.); Toy Tong v. United States, 146 Fed. 343, 348, 76 C. C. A. 621 (C. C. A. 3d Cir.); Guan Lee v. United States, 198 Fed. 596, 598, 117 C. C. A. 304 (C. C. A. 7th Cir.); Yee Ging v. United States (D. C.) 190 Fed. 270, 271, 272; United States v. Too Toy (D. C.) 185 Fed. 838, 840. See, also, Ah How v. United States, 193 U. S. 65, 76, 24 Sup. Ct. 357, 48 L. Ed. 619. It is enough to say of the reliance placed by counsel for appel-

[1] It is not claimed, as it could not well be, that it was not within the power of Congress to enact the provision, in this form. Bak Kun v. United States, 195 Fed. 53, 55, 115 C. C. A. 55 (C. C. A. 6th Cir.), and citations; Ah How v. United States, 193 U. S. 65, 76, 24 Sup. Ct. 357, 48 L. Ed. 619.

lant upon Moy Suey v. United States, 147 Fed. 697, 78 C. C. A. 85 (C. C. A. 7th Cir.), and Gee Cue Beng v. United States, 184 Fed. 383, 106 C. C. A. 493 (C. C. A. 5th Cir.), that independently of the question of burden of proof the courts appear to have been satisfied that the evidence offered by appellants was sufficient to establish citizenship.

We conclude, in the present case, that appellant was rightly put to his proofs touching his asserted citizenship, and that the proofs presented distinctly fail to establish his birth in the United States.

[3] It is urged that the order of deportation is erroneous, because it is not shown that appellant came from China. It would suffice to say that his admission of Chinese descent and his failure to show that he is a native-born citizen of the United States give rise to a presumption that he is a subject of the republic of China; but the very language of section 2 of the Exclusion Act of May 5, 1902, is that a person of Chinese descent when adjudged "to be not lawfully entitled to remain in the United States, shall be removed from the United States to China" (27 Stat. 25).

The decree must be affirmed.