LOUIE LIT v. UNITED STATES.

LOUIE FONG v. SAME.

(Circuit Court of Appeals, Third Circuit. December 23, 1916.)

Nos. 2139, 2140.

1. CITIZENS ☞3—NATIVE-BORN CITIZENS—CHINESE PERSONS—"CITIZEN."
A child born in the United States of Chinese parents domiciled here becomes at birth a "citizen" of the United States, under the first clause of the Fourteenth Amendment to the Constitution.
[Ed. Note.—For other cases, see Citizens, Cent. Dig. §§ 2, 13; Dec. Dig. ☞3.
For other definitions, see Words and Phrases, First and Second Series, Citizen.]

2. ALIENS ☞20—CHINESE EXCLUSION ACT—CONSTITUTIONALITY—APPLICABILITY TO CITIZENS.
It was competent for Congress, by Chinese Exclusion Act May 5, 1892, c. 60, 27 Stat. 25, amended by Act Nov. 3, 1893, c. 14, 28 Stat. 7 (Comp. St. 1913, §§ 4315–4323), to empower a United States commissioner to determine the facts on which citizenship of a person of Chinese descent depends.
[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 73; Dec. Dig. ☞20.]

3. ALIENS ☞32(8)—EXCLUSION OF CHINESE—SUFFICIENCY OF EVIDENCE—NATIVE BIRTH.
In proceedings for the deportation of two Chinese laborers, evidence held to show that they were born in the United States, and therefore not liable to deportation.
[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. ☞32(8).]

Appeals from the District Court of the United States, for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Separate proceedings by the United States against Louie Lit and Louie Fong for their deportation as Chinese laborers unlawfully with-

in the United States. From orders of deportation, the defendants appeal. Reversed.

Marshall A. Coyne and David J. Smyth, both of Philadelphia, Pa., for appellants.

A. Warner Parker, Francis Fisher Kane, U. S. Atty., and Robert J. Sterrett, Asst. U. S. Atty., both of Philadelphia, Pa., for the United States.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. [1, 2] These cases were argued together. They are appeals from two orders of deportation separately entered after a joint hearing. Chinese Exclusion Act, 27 Stat. 25; 28 Stat. 7. Two questions are raised. The first is one of law, "Does the Chinese Exclusion Act apply to a Chinese person who claims American citizenship by birth?" We dispose of this question by mere reference to the adjudged cases, which conclusively establish that a child born in the United States of Chinese parents domiciled in the United States, becomes, at the time of his birth, a citizen of the United States by virtue of the first clause of the Fourteenth Amendment to the Constitution; and that it was competent for Congress, by the Chinese Exclusion Act, to empower a United States Commissioner to determine the various facts on which citizenship depends. United States v. Wong Kim Ark, 169 U. S. 649, 18 Sup. Ct. 456, 42 L. Ed. 890; United States v. Lee Yen Tai, 185 U. S. 213, 22 Sup. Ct. 629, 46 L. Ed. 878; Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121; Moy Suey v. United States, 147 Fed. 697, 78 C. C. A. 85; Moy Guey Lum v. United States, 211 Fed. 91, 127 C. C. A. 515; Lee Ah Yin v. United States, 116 Fed. 614, 54 C. C. A. 70.

[3] The second question is one of fact. It is whether the defendants, arrested and charged with being unlawfully within the United States in violation of the Chinese Exclusion Act and defending upon the ground that they are American citizens, have sustained the burden imposed by the act of establishing their citizenship by proving their birth in this country.

The defendants are brothers, and at the time of the hearing, were of the age of twenty and twenty-four years respectively. They were arrested as laborers and defended upon the ground that they were native-born citizens of this country. They testified that they were born in San Francisco, and produced two Chinese witnesses who corroborated them by testifying that they were present at their Shaving Feasts a few weeks after their birth. The defendants further testified that their parents having died, they came to Philadelphia with their uncle in 1897, being then of the age of seven and three years respectively. From 1897 to 1902, there is no testimony of their whereabouts. A white physician testified that he had attended the defendants when children for various ailments for about twelve years, embracing the period from 1902 to 1914. His testimony was supplemented by other testimony as to residence covering a period of a

year or two prior to the hearing. Here the defendants rested. The government then presented its case, basing it' upon the testimony of an Immigration Inspector, who identified the defendants as young men he had seen on a train coming from Canada in November, 1913, and also upon the failure of the defendants to establish the fact of their citizenship by .affirmative and satisfactory proof. In rebutting the government's evidence of smuggling, the defendants brought a number of witnesses who testified that they had known the defendants for periods running back two, three and four years, thereby, in the estimation of the Commissioner and the District Court, wholly disposing of the government's case of smuggling. Thereafter, this case, like the case of Louie Dai v. United States, 238 Fed. 68, —— C. C. A. ——, recently decided by this court, resolved itself into the question whether the defendants had sustained the burden of proof imposed by the statute.

There is in the main a singular resemblance of the facts of these cases to those of the case of Louie Dai v. United States, supra, and the observations we there made upon the subject of the burden of proof and the quality of evidence required of a Chinese person, arrested as a laborer, to avoid the penalties of the act, apply with equal force to this case and will not be repeated.

This case does not present inconsistencies in the statements of the defendants, as in the case of Louie Dai, but, as indicated in 'the opinion of the District Court, presents a state of facts of too great consistency. This is another not unusual and perplexing phase of cases of this character, in passing upon which appellate courts are slow to disturb the conclusions of trial courts. But here, as in the case of Louie Dai, there is testimony which is affirmative and satisfactory, and which, if true, clearly establishes the nativity of the defendants. May we ignore that testimony because of its superlative accuracy?

The trial court admitted that if there had been testimony of the defendant's residence in this country close in point of time to the dates of birth, it would have given credence to the testimony of nativity, but that there was a wide and fatal gap between the testimony as to birth and the testimony as to residence in Philadelphia. There was, however, the testimony of another witness, which appeals to us to be not only important, but controlling, in that it meets the very defect pointed out. That witness was the white physician, who testified that he had attended the defendants as children for various ailments for about twelve years. That testimony was discarded by the Commissioner and likewise by the District Court, and yet it goes a good way to bridge the very gap complained of and a great way towards connecting the lives of these young defendants in point of time with birth in this country. This witness was not impeached and his testimony was not attacked, and there was nothing in the testimony itself that weakened its force. We do not believe the testimony of this white physician can be ignored, especially when we consider that in carrying the defendants back from youth to childhood, it carries them to a time ,so close to their birth that the testimony of birth acquires a force which, in turn, cannot be disregarded without reason.

True, this testimony, like the testimony of birth, is suspiciously exact in detail, but not so much so as to cast upon it the color of untruth. Weighing all this evidence by the standards which control us in this case, namely the proof of a fact by affirmative and satisfactory evidence, producing conviction beyond a reasonable doubt, we are of opinion that these two defendants have sustained·the burden imposed upon them by the statute and that the two orders should be·reversed.