WOO VEY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1917.)

No. 2984.

1. ALIENS ⬥⟾26—CHINESE PERSONS—EXCLUSION.
    The son of a Chinese merchant, born in the United States, in which place his father was engaged in business, is, though he becomes a laborer, entitled to remain.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 83.]

2. ALIENS ⬥⟾32(5)—DEPORTATION PROCEEDINGS—CHINESE PERSONS.
    That a Chinese person in deportation proceedings asserted that he was a citizen of the United States, because born therein, does not cast upon

the government the burden of showing him not born within the United States; Act May 5, 1892, c. 60, § 3, 27 Stat. 25 (Comp. St. 1916, § 4317), and Act April 29, 1902, c. 641, 32 Stat. 176, providing that every Chinese person or person of Chinese descent shall be adjudged unlawfully within the United States, unless such person shall, by affirmative proof, establish his right to remain.

3. ALIENS ⬳32(12)—DEPORTATION—REVIEW.

The finding of the trial judge, in proceeding for deportation of Chinese person, which was in accordance with the conclusion of the commissioner, is entitled to great weight on appeal.

4. ALIENS ⬳32(8)—CHINESE PERSONS—DEPORTATION.

In a proceeding for the deportation of a Chinese person, who claimed he was born in the United States and was a citizen, evidence *held* insufficient to sustain his contention.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84.]

5. APPEAL AND ERROR ⬳1050(1)—REVIEW—HARMLESS ERROR.

Testimony by a witness for the government as to a conversation had with one of the defendant's witnesses is harmless, where defendant's witness had substantially admitted the facts referred to in the conversation, as is testimony, by such witness that he had a conversation with another of defendant's witnesses, where the nature of the conversation was not mentioned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke, Judge.

Proceeding by the United States against Woo Vey. Defendant was found by the commissioner to be a Chinese person unlawfully in the United States, and ordered deported, and on trial de novo in the District Court the commissioner's decision was sustained, and defendant ordered deported. From that judgment, defendant appeals. Affirmed.

Chas. W. Savage, of Cleveland, Ohio, for appellant.

Jos. C. Breitenstein, Asst. U. S. Atty., of Cleveland, Ohio.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. By due procedure under the Chinese Exclusion Act, appellant was by a commissioner adjudged to be "a Chinese person and a person of Chinese descent, and * * * a laborer unlawfully within the United States," and was accordingly ordered deported to China. Upon a trial de novo in the District Court, the commissioner's decision was sustained, and deportation ordered.

[1] It is admitted that appellant is of Chinese parentage. The only meritorious question arises over his contention that he was born in the United States. If he was born here, then under the testimony otherwise presented he is entitled to remain. United States v. Wong Kim Ark, 169 U. S. 649, 653, 705, 18 Sup. Ct. 456, 42 L. Ed. 890; Ng You Nuey (C. C. A. 6) 224 Fed. 340, 343, 140 C. C. A. 26. If he was not born in this country, the order of deportation was rightly made.

[2] At the opening of the trial appellant's counsel, in reply to a question of the district attorney, stated that appellant "is a citizen of the United States, of Chinese descent, that is, of Chinese parents";

and appellant contends that thereby the burden was placed upon the government of showing that appellant was not born within the United States. This contention is directly in the teeth of the statute, which provides that every "Chinese person or person of Chinese descent arrested under" its provisions "shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof, to the satisfaction of" the judge or commissioner, "his lawful right to remain in the United States." 27 Stat. 25, § 3; 32 Stat. 176, Chap. 641; Chin Bak Kan v. United States, 186 U. S. 193, 200, 22 Sup. Ct. 891, 46 L. Ed. 1121; Lum Kim v. United States (C. C. A. 6) 225 Fed. 31, 34, 140 C. C. A. 357; Bak Kun v. United States (C. C. A. 6) 195 Fed. 53, 55, 115 C. C. A. 55; Ng You Nuey v. United States, supra, 224 Fed. at page 343, 140 C. C. A. 26. To hold that the burden thus distinctly imposed upon appellant is shifted by the assertion of a claim of domestic birth would be to emasculate the statute.

[3, 4] The important question is whether appellant has sustained the burden of proof imposed upon him. The testimony was all taken in open court before the then District Judge (the present Mr. Justice Clarke), who was decidedly of the opinion that appellant's birth in the United States was not satisfactorily shown. This conclusion of the trial judge, fortified as it is by the findings of the commissioner, is, to say the least, entitled to very great weight, and should not be lightly disturbed. Tom Hong v. United States, 193 U. S. 517, 522, 24 Sup. Ct. 517, 48 L. Ed. 772; Bak Kun v. United States, supra, 195 Fed. at page 55, 115 C. C. A. 55. Appellant testified that he was 30 years of age, and was born in San Francisco, Cal.; that he lived there until he was 9 years old, when his father and mother both returned to China, leaving him in charge of Woo Shing, an uncle, who took him to Ashland, Ky. (where the uncle died), and where appellant lived with one Woo Jan; that his parents died in China several years after returning to that country, and that appellant has no brothers or sisters. Appellant's own testimony is not necessarily convincing. Before the District Judge he testified that he was born in a building on Dupont street in San Francisco; that he did not know what his father "was doing, but he was engaged in builder's business." Before the inspector he testified that he was born on a farm, but could not say whether the farm was in San Francisco or outside of that city. Neither before the District Judge nor before the inspector was he able to tell the name of any street in San Francisco (except that in the District Court he mentioned Dupont street as his place of residence); nor does he seem to have had any definite recollection regarding San Francisco, its streets, or general conditions. He refers to no one there who would know him, or who ever knew him. No one else testified to his residence in Ashland.

Appellant produced but two witnesses to sustain his claim of birth in the United States. Both these witnesses testified they were cousins of appellant—one of them, Woo Kong, that appellant was a son of Woo Yeh; the other, Woo Shang, gave the name of appellant's father as Woo Sen. The one said the father was in the general merchandise business, and was agent for a railroad and a steamship company; he seemed to know nothing of the father's being a farmer. The other

said the father had a store at which he sold "Chinese clothes and groceries and such things"; says he may have had other business, but does not appear to have known of any other. Each claimed to have been living in San Francisco about 30 years ago, and at the time appellant was born, and to have known of his birth. But the testimony of these witnesses, at the most, comes substantially to this: That the Chinaman who appellant says was his father had a child born in San Francisco at the time appellant claims he was born; for the witness Woo Kong had not seen appellant from the time he was 2 years old until he was 14 or 15 years of age (and then in Charleston, W. Va.), and naturally did not then recognize him. The other witness had never seen appellant from the time he was 2 months old until he was about 28 years old, 2 years before the trial in the District Court, and then in Cleveland, Ohio. Manifestly, neither of these witnesses would be able to identify appellant as the child born in San Francisco at the time alleged, except for appellant's statement that he was the son of the Chinaman referred to, and that he was born on the date claimed, unless to the extent that statements made regarding persons or facts within the knowledge of the witnesses might have some persuasive force in that direction.

The trial judge refused to credit the testimony of the two corroborating witnesses, saying:

"The manner of these two witnesses on the witness stand and their contradictions in the course of their direct examination, as they testified before this court, and particularly the manner and contradictions of this doctor [Woo Kong], lead this court to believe that no credit can be given to their testimony at all."

In the opinion of the trial judge appellant's claim to citizenship was finally left to rest solely upon his unsupported statement. Careful consideration of the testimony convinces us that we would not be justified in disturbing the conclusion of the court below. It is, of course, entirely possible that appellant has told the entire truth, and that he is entitled to remain here. If so, his deportation is a serious hardship. But the absence of satisfactory evidence to prove it, through death of witnesses or otherwise, is his misfortune, and not the fault of the courts, which are not at liberty to disregard the express statute, requiring affirmative and satisfactory proof of his right to remain, nor the settled rules governing appellate administration. Ng You Nuey v. United States, supra, 224 Fed. at page 343, 140 C. C. A. 26.

[5] Exception is taken to the overruling of objections to certain testimony of the inspector, as to his conversations with certain persons at Ashland, Ky., and with the witness Woo Kong in Charleston, W. Va. Of the latter testimony it is enough to say that the fact testified to had before been substantially admitted by Woo Kong. The statement that the witness had a talk with Woo Chan was harmless, as it was not said what the conversation was. It is doubtful if the testimony as to the statement of Ah Hay was objected to. If the objection was intended to apply to that testimony, it was not good.

The judgment of the District Court must be affirmed.