## YOUNG TI v. UNITED STATES.

## SOO KAN v. SAME.

(Circuit Court of Appeals, Third Circuit.   November 1, 1917.)

Nos. 2255, 2256.

1. CITIZENS ⬡⬡3—CHINESE BORN IN UNITED STATES.
    Children born in the United States of Chinese parents domiciled therein are citizens.
2. ALIENS ⬡⬡32(8)—CHINESE PERSONS—DEPORTATION.
    In a suit for deportation of Chinese laborers, who under Act May 5, 1892, c. 60, 27 Stat. 25 (Comp. St. 1916, §§ 4315–4323), had the burden of establishing their right to remain, evidence *held* insufficient to establish the right of such persons to remain in the United States, not establishing that they were children born in the United States of Chinese parents.

Appeal from the District Court of the United States for the Western District of Pennsylvania;   Charles P. Orr, Judge.

Deportation proceedings by the United States against Young Ti, alias Yok Ti, alias Lee Yok Ti, ascertained to be Lee Yung Dye, and against Soo Kan, alias Lee Soo Kan.   From orders of deportation, separately entered after a joint hearing, defendants appeal.   Affirmed.

John W. Dunkle and N. S. Williams, both of Pittsburgh, Pa., for appellants.

E. Lowry Humes, U. S. Atty., and Daniel S. Horne, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge.   These are appeals from two orders of deportation separately entered by the District Court after a joint hearing.   Chinese Exclusion Acts (Act Oct. 1, 1888, c. 1064, 25 Stat. 504 [Comp. St. 1916, §§ 4303–4305] ;   Act May 5, 1892, c. 60, 27 Stat. 25 [Comp. St. 1916, §§ 4315–4323] ;   Act Nov. 3, 1893, c. 14, 28 Stat. 7 [Comp. St. 1916, §§ 4320–4324]).   The cases raise no questions of law, the one issue being the place of the defendants' nativity.

[1, 2]   The defendants were Chinese laborers charged upon arrest with being unlawfully within the United States.   25 Stat. 504.   They met the charge by the claim that they were born in the United States of parents domiciled here and are therefore citizens of the United States. Louie Lit v. United States, 238 Fed. 75, 151 C. C. A. 151.   The statute having placed upon them the burden of establishing by affirmative

evidence, to the satisfaction of the judge, their lawful right to remain in the United States (27 Stat. 25; Louie Dai v. United States, 238 Fed. 68, 151 C. C. A. 144; Woo Vey v. United States, 242 Fed. 838, —— C. C. A. ——), they proceeded to prove their birth in this country substantially as follows: .

They represented themselves to be brothers of the ages of twenty-six and twenty-eight years respectively, and showed by the testimony of a number of witnesses that they had been in this country for twelve years immediately preceding their arrest.

This testimony proves satisfactorily the defendants' presence in this country during the later years of their lives, but unlike testimony in Louie Lit v. United States, 238 Fed. 78, 151 C. C. A. 151, it does not go back sufficiently close to the date of their birth to raise an inference of their birth in this country. This testimony, therefore, does not support the issue.

Their evidence bearing directly upon their claimed birth in this country was not, we think, of the kind required by statute to establish that fact to the "satisfaction" of the judge. Louie Dai v. United States, 238 Fed. 68, 151 C. C. A. 144. They produced two birth certificates procured for them from the records of the Vital Statistics Department of Chicago by one Dr. Jin Fuey May, to whom they paid $275 for this service. These certificates are copies of birth reports duly filed in the appropriate bureau of that city, and show among other things the birth of a male child on February 4, 1887, and of another male child on June 7, 1889; places of birth; name of father, Lee Wung, a Chinese; name of mother, Dora Johnas Wung, a German; name of midwife, etc. The defendants attempted to identify themselves with all things shown in these birth reports, claiming that they are the children there reported to have been born on the dates shown, and that the parents there named are their parents. Lee Sing, an alleged brother of Lee Wung, the alleged father of the defendants, testified in accord with the birth certificates.

Opposed to this, the government produced two witnesses, representing themselves to be children of the same Lee Wung and his German wife, Dora Johnas Wung. One of these witnesses, a daughter, testified to the birth in Chicago of two male children of her parents, Lee and Dora Wung, upon the precise dates named in the certificates, and the other, a son, testified that he is the male child born upon the date mentioned in the earlier certificate, February 4, 1887. Both testified that Lee and Dora Wung, the parents named in the birth certificates, were their parents, that the defendants were not children of these parents, and that the defendants were wholly unknown to them. The failure of the mother to testify was explained upon the ground of illness. The testimony of the children claiming to be the real children of Lee and Dora Wung was not controverted. On the contrary, it was corroborated by testimony of another witness. Aside from the force of this testimony, we cannot close our eyes to the opportunity which the trial judge had of observing both sets of children, nor are we inclined to treat lightly his conclusion that the two defendants showed no

indication of mixed blood, while the two witnesses, children of a Chinese father and a German mother, showed plainly the admixture of blood of the two races.

We believe that the trial judge committed no error in disregarding the birth certificates. As the testimony of the defendants and of Lee Sing was built upon these certificates, it stood only so long as they stood, and fell with them.

The discretion exercised by the trial judge in affirming the Commissioner's orders of deportation in these cases should not be disturbed. Louie Dai v. United States, 238 Fed. 68, 74, 151 C. C. A. 144; Woo Vey v. United States, 242 Fed. 838, 840, —— C. C. A. ——.

The decrees below are affirmed.