### FLYNN ex rel. WONG TUNG FOOK v. TILLINGHAST, Commissioner of Immigration.

#### No. 2472.

Circuit Court of Appeals, First Circuit.

Nov. 26, 1930.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

This case is based on a petition for the writ of habeas corpus. A Chinaman was admitted to this country under the name of Wong Tung Fook at the port of Seattle in 1925, as the son of an American citizen, Wong Bing.

At some time, which does not definitely appear in the record, but probably in the early part of 1930, the petitioner was arrested on a warrant issued by the Secretary of Labor and ordered deported on the ground that he was not the son of Wong Bing, but by name Jung Sang, a seaman who was deported in 1924, having landed and unlawfully remained in this country.

At the time of the hearing before the Secretary of Labor it was urged that the petitioner was entitled to a judicial hearing under Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938. Upon the warrant of deportation being issued against him, he then petitioned for a writ of habeas corpus, and the court below correctly ruled that, having been admitted to this country as a citizen and there having been some evidence before it that he was a citizen, he was entitled to a judicial hearing on the evidence presented which was accorded him, and the writ was refused. The question before this court on appeal is whether the findings of the court below were clearly erroneous. Wong Heung v. Elliott (C. C. A.) 179 F. 110.

There was evidence by the petitioner, his alleged father, and a friend that he was the son of Wong Bing, and therefore properly admitted to this country in 1925.

On the part of the government there was testimony of an interpreter who took part in the proceedings against the seaman Jung Sang in 1921, and 1922, of two government inspectors, one of whom was in 1921 on the Board of Special Inquiry, and the other who deported him in 1924, all of whom identified him, either from recollection of records, photographs, and physical characteristics, with different degrees of positiveness, that the petitioner was the same person deported in 1924 as Jung Sang. One of the physical characteristics relied on was that both the seaman and the petitioner had two false front teeth attached by bridge work to the tooth next adjoining on each side, both of which were gold crowned.

The court expressed some dissatisfaction with the testimony of certain of the government's witnesses, and said that standing alone he did not regard it as outweighing the evidence of the petitioner and his witnesses; but, as the court said, after weighing all the testimony, "it does not stand alone; it is to be considered in connection with the description of the sailor Jung Sang, and how he compares with petitioner. They are about the same height, and the photograph attached to the seaman's papers bears a striking resemblance of the petitioner. The sailor Jung Sang had two false front teeth supported on a bridge by gold crowns on the side teeth—a very uncommon arrangement. The petitioner has the same thing."

The judge sitting below also saw the petitioner and could compare his physical characteristics with those testified to as possessed by Jung Sang, and also had the photograph of Jung Sang to compare with those of the petitioner and with the petitioner himself.

Continuing he said: "The overwhelming weight of the evidence is that the petitioner and Jung Sang are the same person." The court cannot say that the conclusion of the court below was clearly wrong.

The order of the District Court discharging the writ is affirmed.