## FONG GUM TONG v. UNITED STATES.

(Circuit Court of Appeals, Seventh ·Circuit.   October 12, 1911.)

No. 1,761.

1. ALIENS (§ 32*)—DEPORTATION—CHINESE—DEFENSES—CITIZENSHIP—DETERMINATION.

   Where a Chinese person in deportation proceedings claims to be a native-born citizen, he is entitled to a judicial determination of such question.

   [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

   What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

2. APPEAL AND ERROR (§ 1011*)—DEPORTATION PROCEEDINGS—EVIDENCE.

   A finding on an issue of citizenship in Chinese deportation proceedings, based on conflicting evidence of ·witnesses heard orally in the .District Court, will not be disturbed on appeal, unless the record clearly shows that an obvious mistake was made by the trial court in considering the evidence.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Chinese deportation proceedings by the United States against Fong Gum Tong.   From an order of deportation, defendant appeals.   Affirmed.

Knight, Reid & Tyrrell and John T. Evans, for appellant.

Edwin W. Sims, U. S. Atty., James H. Wilkerson, and John Byrne, for the United States.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge.   An order that appellant be deported as a Chinese laborer found in the United States in violation of the Chinese exclusion act, rendered by a United States commissioner and affirmed by the District Court on a. hearing de novo, is presented for review.

Appellant's defense was that he was a native-born citizen, and his contention here is that the finding against him is not sustained by the evidence.

[1, 2] He was entitled to a judicial determination of his claim that he was a native-born citizen.   Moy Suey v. United States, 147 Fed. 697, 78 C. C. A. 85; Pang Sho Yin v. United States, 154 Fed. 660, 83 C. C. A. 484; United States v. Jhu Why (D. C.) 175 Fed. 630.   In the Moy Suey Case, as in the others cited, the finding on review was that the evidence as a whole placed beyond substantial contradiction the fact that the person in question was a native-born citizen.   But here there is a clear and sharp conflict.   If the government's evidence conveyed the truth, appellant was born in China, and his contrary statement, in denial of his admission to the inspector, was a fabrication.   True, his testimony in the District Court that he was

born in San Francisco was corroborated by the testimony of two Chinese residents of Chicago. But nevertheless the question was one of the weight and credibility of the evidence. All the witnesses were heard orally in the District Court, and their appearance and manner of testifying were matters of observation there that are not in the record here. Under such circumstances the rule is that the finding should not be disturbed on review, unless the record clearly shows that an obvious mistake was made by the trial court in the consideration of the evidence. Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 759, 36 L. Ed. 552.

The order is affirmed