## IN THE MATTER OF THE APPLICATION OF NOBE MITOBE FOR A WRIT OF HABEAS CORPUS (SECOND PETITION).

### January 17, 1916.

1. *Habeas Corpus—Second petition, based on immaterial grounds, disapproved.*

2. *Pleading—Allegations on belief:* Allegations on belief merely, without some showing of knowledge or information to support such belief, are insufficient.

*Habeas corpus:* Hearing on return to writ.

*J. Lightfoot* for petitioner.
*H. W. Vaughan,* U. S. District Attorney, for respondent.

CLEMONS, J. [1] The petition for the writ of habeas cor-

pus which was issued in this case adds nothing to the petition for a writ in the previous case (habeas corpus No. 62), ante, p. 339, determined on July 5, 1913, by his honor Judge Dole adversely to the petitioner. For the added allegations of her employment as a nurse (to show that she is no longer likely to become a public charge, as was a ground of the order denying her admission to the country), and the added allegation of her present good moral character (to show that she was not imported for immoral purposes, as was another ground of said order), and the added allegation of her failure by "accident and mistake" to perfect an appeal from Judge Dole's said order, "therefore [as her petition reads] depriv(ing) her of her right to an appeal", are each and all not only irrelevant and immaterial, but to say the least frivolous and trifling.

[2] Nor is the sham character of the petition at all cured by the allegation of the appeal's having been heard by another person than the Secretary of Labor, when the Secretary was himself officially present in Washington and no one else could, therefore, be authorized to hear it. For that allegation is merely one of "belief"; and it is remarkable that there is not even the usual allegation of information to support the belief. The verification affords no clue to the source of the allegation, for it has only the common statement of generality, "that the same is true, *except as to matters and things therein alleged on information and belief,* and as to these she believes it to be true". A mere allegation of belief unsupported by some show of knowledge or at least information, is unknown to the science of pleading.

Judge Dole's opinion in the former case shows that the finding of the board of special inquiry, affirmed on appeal to the Secretary of Labor, was justified in law, as I am inclined to believe it was justified in fact, for it should be remembered that inasmuch as there was evidence of her own witnesses showing that her passage was paid for by another

(Record of Proceedings, pages 3-9, inclusive, 14, 15), the burden was upon her of "affirmatively and satisfactorily show(ing) that" she did not "belong to one of the . . . excluded classes". Immigration Act, section 2, 34 Stat. 898, as amended. There was, therefore, justification for the conclusion of the board of special inquiry, that she was "coming or being brought to this country, for immoral purposes" and was "likely to become a public charge" (Id.), that "her passage was paid for with money of another" (Id.)' and that "it was not satisfactorily shown that she does not belong to one of the excluded classes" (Id.). And the demeanor of the alien and her witnesses was an important factor in the view of the board. See Record of Proceedings, 2, 4 and 20 (and indications of failure and hesitation of applicant as a witness, 3, 9, 14, 15), and *Fong Gum Tong v. United States,* 192 Fed. 320, 321.

Let the writ be dismissed and the petitioner be remanded to the custody of the respondent, with costs against the petitioner.