## Case No. 9,965.

MURRAY et al. v. MARSH et al.

[1 Brunner, Col. Cas. 22;[1] 2 Hayw. (N. C.) 290.]

Circuit Court, D. North Carolina. Dec., 1803.

WITNESS—DISCHARGED BANKRUPT—INTEREST AS A DISQUALIFICATION—DEPOSITIONS—RECORDS OF UNITED STATES COURTS—PROOF OF.

1. A bankrupt who indorsed a note before his bankruptcy, and who has obtained his certificate, is a good witness for the indorsee.

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

2. A record of the proceedings against a bankrupt. attested by the clerk of the district court is good evidence, the act of congress not requiring the certificate of the presiding judge in the case of records from United States courts.

[Approved in The Watchman, Case No. 17,-251.]

3. If the objection to a witness on account of interest arise from proof made by the objector, the witness cannot discharge himself of the objection by any matter sworn by himself; it must be removed by proof drawn from some other source.

4. Depositions which do not show, either in the caption or body of them, between what parties they were taken cannot be received.

5. If a plaintiff supposing himself ready, press a trial, and it is found on the trial that the testimony he relied on cannot be given in evidence as he expected. and he be nonsuited, the allegation of surprise shall not prevail to set aside the nonsuit.

[This was a proceeding by Murray & Murray against Marsh & Marsh.]

Before MARSHALL. Circuit Justice, and POTTER, District Judge.

PER CURIAM. Loomis and Tillinghast assigned to the plaintiffs the note sued on, which was made by the defendants, and afterwards became bankrupts, and obtained a certificate. And now Loomis is offered as a witness for the plaintiffs. He is a competent witness, for he is by the certificate discharged of all debts provable under the commission, and his indorsement to the plaintiffs rendered him liable to them, so as to make their demand provable against him; secondly, the record of the proceedings against them, attested by the clerk of the district court, without any certificate of the presiding judge, is good evidence; for the act of congress relates to certificates in case of officers of the several states, not to those of the United States; thirdly, if the objection to a witness arises from proof made by the objector, the witness cannot discharge himself of the objection by any matter sworn by himself; it must be removed by proof drawn from some other source; fourthly, depositions, not specifying the parties between whom they are taken, in the caption, nor naming them as parties in the body of the deposition, cannot be received; fifthly, if a plaintiff supposing himself ready, press for trial, and it is found on trial that the testimony he relied on cannot be given in evidence as he expected, and he be nonsuited, the allegation of surprise shall not prevail to set aside the nonsuit.

NOTE. Records of United States courts do not require the judges' certificate; such provisions apply only to certificates of state officers. U. S. v. Wood, 2 Wheeler. Cr. Cas. 326.

Witness Incompetent from Interest.—Interest being proved the witness cannot be examined at all. nor the objection be removed by his oath; the objection must be discharged by other proof. The Watchman [Case No. 17,251], citing case in text.

Depositions, Requisites of.—See Waskern v. Diamond [Case No. 17,248].