UNITED STATES v. HOY WAY. SAME v. YUNG KONG. SAME v. CHU BOK QUAI.

(District Court, E. D. Pennsylvania. September 30, 1907.)

Nos. 47, 15, 16.

ALIENS—PROCEEDINGS FOR DEPORTATION OF CHINESE—BURDEN OF PROOF.

 Section 3, Act May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1320], providing that any Chinese person or person of Chinese descent arrested for deportation thereunder "shall be adjudged to be unlawfully within the United States, unless such person shall establish by affirmative proof * * * his lawful right to remain in the United States," applies to, and imposes the burden of proof on, a defendant who is of the Chinese race, although he claims to be a citizen of the United States by birth.

 [Ed. Note.—Citizenship of the Chinese, see notes to In re Gee Fook Sing, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

Appeals from Orders of Deportation.

Jasper Yeates Brinton, for the United States.

Ernest L. Tustin and Charles S. Wesley, for defendants.

J. B. McPHERSON, District Judge. I have read and considered all the evidence in each of these cases, and am of opinion that the orders of deportation should be affirmed. The appellant in each case, who was conceded to have been a Chinese laborer during several years before his arrest, averred that he had been born a citizen of the United States; that is, to use the definition given by the Supreme Court in United States v. Wong Kim Ark, 169 U. S. 649, 18 Sup. Ct. 456, 42 L. Ed. 890, that he was "a child born in the United States of parents of Chinese descent, who, at the time of his birth, were subjects of the Emperor of China, but had a permanent domicile and residence in the United States and were there carrying on business, and were not employed in any diplomatic or official capacity under the Emperor of China"—and therefore, that he became "at the time of his birth a citizen

of the United States." In other words, appellant asserted his lawful right to be, and to remain, in this country, in spite of the fact that he had no certificate of residence, and was therefore prima facie unlawfully within the United States and was subject to arrest and deportation. Upon the inquiry concerning his right to be here as a citizen, he was required by section 3 of the act of May 5, 1892 (27 Stat. 25, c. 60 [U. S. Comp. St. 1901, p. 1320]), to assume the burden of proving the fact of citizenship by birth, both before the commissioner and afterwards on appeal before a federal judge. The section reads as follows:

"That any Chinese person or person of Chinese descent, arrested under the provisions of this act or the acts hereby extended, shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof to the satisfaction of such justice, judge or commissioner, his lawful right to remain in the United States."

This requirement concerning the burden of proof has been adjudged to be valid by the Supreme Court in Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121. Upon page 200 of 186 U. S., and page 894 of 22 Sup. Ct. [46 L. Ed. 1121], it is said:

"By the law the Chinese person must be adjudged unlawfully within the United States unless he 'shall establish by affirmative proof, to the satisfaction of such justice, judge, or commissioner, his lawful right to remain in the United States.' As applied to aliens, there is no question of the validity of that provision; and the treaty, the legislation, and the circumstances considered, compliance with its requirements cannot be avoided by the mere assertion of citizenship. The facts on which such a claim is rested must be made to appear. And the inestimable heritage of citizenship is not to be conceded to those who seek to avail themselves of it under pressure of a particular exigency, without being able to show that it was ever possessed."

Trying by this test, therefore, the quantity and quality of the evidence laid before me, I agree with the contention of the government that none of the appellants has established by affirmative proof his lawful right to remain in the United States as a citizen by birth. The subject of the burden of proof has been elaborately considered by Judge Ray in United States v. Lee Huen (D. C.) 118 Fed. 442.

Each order of deportation is accordingly affirmed.