### KUM SUE et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 23, 1910.)

No. 323.

ALIENS (§ 32*)—PROCEEDING FOR DEPORTATION OF CHINESE—REVIEW ON APPEAL.

The burden of proof rests upon a person of the Chinese race ,arrested for being unlawfully in the United States, to establish his claim to American citizenship; and a finding against such claim by both the commissioner and District Judge, on evidence in its support so general that it was impossible for the government to contradict it, will not be disturbed by the appellate court.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

Citizenship of Chinese persons, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

Appeal from the District Court of the United States for the Northern District of New York.

Kum Sue and Quan Ling were ordered deported to China, and from an order of the District Court, affirming that of the commissioner, they appeal. Affirmed.

R. M. Moore and B. W. Berry, for appellants.

George B. Curtiss (Harry E. Owen, Asst. U. S. Atty., of counsel), for the United States.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The appellants are Chinese persons arrested in the town of Burke, Franklin county, N. Y., upon complaints charging them with being unlawfully in the United States. They insist that they were born in the United States and are entitled to remain here. The commissioner and the District Judge, to whom an appeal was taken, both found against the appellants on this issue. But one witness was produced before the commissioner, but on appeal the testimony of both the appellants, and also of another Chinese person named Charley Chong, was taken before the commissioner, as special master, and returned to the judge, who, after examining the entire testimony, reached the result that the order of deportation should be affirmed. The burden was upon the appellants to establish their citizenship. The commissioner and the judge concur in finding that they have not sustained this burden, and it is now well settled that in such circumstances this court will not disturb the finding unless clearly against the weight of evidence. We have read the testimony and find nothing therein to take this case out of the general rule. It was conceded at the trial that the appallants are persons of Chinese descent and are not of the class exempted by the Chinese exclusion act (Act May 6, 1882, c. 126, § 3, 22 Stat. 59 [U. S. Comp. St. 1901, p. 1306]); that they were arrested in the town of Burke, Franklin county, N. Y., in the Northern district of New York, at about 10 p. m., on May 18, 1909, at a point about four miles south of the border line between the United States and Canada, the appellants being in

a wagon with seven other Chinese persons and two white men; that one of the white men jumped from the wagon and ran; that at the time of the arrest the appellants and other Chinese persons were in the wagon with closed curtains.

On the hearing before the commissioner Lem Moon, an alleged uncle of the appellants, was the only witness produced. He testified that the appellants were born in Oakland, Cal. Subsequently, the appellants and Charley Chong gave testimony to the same effect. This testimony was of so general a character that it is manifestly impossible for the government to obtain evidence to contradict it. The commissioner and the judge found it so inherently improbable that they did not believe it, and we are not prepared to hold that their action was arbitrary or their finding erroneous or clearly against the weight of evidence.

The case presents the same general features which have frequently been passed upon by this court, the latest decision being filed May 2, 1910, in the case of Yee King and Yee Sing v. United States, 179 Fed. 368.

The orders are affirmed.