YEE GING v. UNITED STATES.

(District Court, W. D. Texas, El Paso Division. August 2, 1911.)

No. 284.

Aliens (§ 32*)—Chinese—Deportation Proceedings—Citizenship.

Act May 5, 1892, c. 60, § 3, 27 Stat. 25 (U. S. Comp. St. 1901, p. 1320), provides that any Chinese person arrested under the provision of the act shall be adjudged unlawfully within the United States unless the person shall establish by affirmative proof, at the hearing, his lawful right to remain within the United States. *Held* that, where a Chinese person, arrested in deportation proceedings within the United States, and not taken at the border, claimed to be a natural born citizen, the burden of proof thereof was on him, and the United States was not bound to establish the contrary.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

---

Yee Ging was arrested in deportation proceedings, and from an order of deportation he appeals.    Affirmed.

Peyton F. Edwards and Loomis & Knollenberg, for appellant.
S. Engelking, Asst. U. S. Atty.

MAXEY, District Judge.  The appellant was arrested in a laundry at Ft. Bliss, Tex., near El Paso, for being unlawfully in the United States.  In the order of deportation it is recited by the commissioner that he is a Chinese person and a laborer by occupation, and that he failed, upon the hearing, to establish by affirmative proof his lawful right to remain in the country.  The appellant bases his claim of exemption from arrest on the ground that he is a citizen of the United States, having been born, it is asserted, in San Francisco, Cal.  At the hearing before the commissioner the appellant introduced the depositions of two Chinese witnesses for the purpose of proving his birth as claimed.  When the cause was before the court on appeal the testimony of several other witnesses was heard, including that of the appellant, the Chinese interpreter, and three or four others.  Several photographs of the appellant were also admitted in evidence.

The first, and it may be said the serious, question which confronts the court in the consideration of this case is the following:  The appellant having been arrested in the state of Texas for being unlawfully here and claiming to be a citizen of the United States, is he required to establish by proof the fact of his birth in the country? or is the burden of proof upon the government to show that he was not born in the United States?  Counsel for the appellant insist that the Circuit Court of Appeals for this circuit, in the case of Gee Cue Beng v. United States, 184 Fed. 383, 106 C. C. A. 493, has answered the second question in the affirmative.  And it appears from an examination of that case that the view advanced by counsel is correct.  The decision in Gee Cue Beng's Case seems to have been placed upon two grounds: (1) That the appellant established by sworn witnesses "a strong affirmative case" that he was a citizen of the United States; and (2) that the burden was on the government to establish his noncitizenship.  In reference to the second ground, the only one that it is necessary to consider, the court, without advancing any independent reasons of its own, noted its concurrence with the views and reasoning of the Circuit Court of Appeals for the Seventh circuit, as expressed in the opinion of Judge Grosscup in Moy Suey v. United States, 147 Fed. 697, 78 C. C. A. 85.

The question presented is one of far-reaching importance, and, if the doctrine in Moy Suey's Case should be ultimately sustained by the Supreme Court the effect would be to seriously impair, in the judgment of the writer, the efficiency of the Chinese exclusion laws enacted by the Congress.  What ruling the Supreme Court may finally make is a matter which that eminent tribunal will determine for itself.  But the question, it is thought, has heretofore been decided precisely to the contrary by the Supreme Court in the case of Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121.  And it is worthy of remark that no reference is made to that case by Judge

Grosscup in his opinion delivered in the case of Moy Sucy. But he appears to proceed upon the assumption that a different rule of evidence should be applied to a Chinese person "physically and politically" in the country from that applicable to such a person who is stopped at the border line and refused admission. In the latter case he admits, in consonance with the holding in United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040, that the burden of proving citizenship is upon the Chinese person seeking admission. But in the former he seems to insist that, where the Chinese person claims to be a citizen, the government must prove that he is not native born. The statute makes no such distinction, nor is it to be found, so far as the court is advised, in any case decided by the Supreme Court. The words of the written law are as follows:

"Sec. 3. That any Chinese person or person of Chinese descent arrested under the provisions of this act or the acts hereby extended shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof to the satisfaction of such justice, judge or commissioner, his lawful right to remain in the United States." Act May 5, 1892, c. 60, 27 Stat. 25 (U. S. Comp. St. 1901, p. 1320).

Such is the language of the statute. Now let us see what the Supreme Court has said in the Chin Bak Kan Case. In that case the appellant, using the expression of Judge Grosscup, was "physically and politically" in the United States when he was arrested. He claimed to be a citizen of this country, but the proof upon that point being insufficient he was ordered deported by the commissioner, whose judgment was affirmed. In that condition of the record, it was said by Mr. Chief Justice Fuller, speaking as the organ of the court:

"By the law the Chinese person must be adjudged unlawfully within the United States unless he 'shall establish by affirmative proof, to the satisfaction of such justice, judge, or commissioner, his lawful right to remain in the United States.' As applied to aliens there is no question of the validity of that provision, and the treaty, the legislation, and the circumstances considered, compliance with its requirements cannot be avoided by a mere assertion of citizenship. The facts on which such a claim is rested must be made to appear. And the inestimable heritage of citizenship is not to be conceded to those who seek to avail themselves of it under pressure of a particular exigency, without being able to show that it was ever possessed." 186 U. S. 200, 22 Sup. Ct. 894 (46 L. Ed. 1121). See Ah How v. United States, 193 U. S. 65, 24 Sup. Ct. 357, 48 L. Ed. 619.

The case, from which the foregoing excerpt was taken, would seem to be decisive of the question; and it has evidently been so considered by several courts which have based their judgments directly upon it. Lee Yuen Sue v. United States, 146 Fed. 670, 77 C. C. A. 96, Circuit Court of Appeals for the Ninth circuit; United States v. Hoy Way, (D. C.) 156 Fed. 247, District Court, E. D. Pennsylvania.

Without citing Chin Bak Kan, other courts have announced in similar cases the same rule of evidence. United States v. Chin Ken (D. C.) 183 Fed. 332, District Court, N. D. New York, citing numerous authorities; Yee King v. United States, 179 Fed. 368, 102 C. C. A. 646 and Kum Sue v. United States, 179 Fed. 370, 102 C. C. A. 648, Circuit Court of Appeals for the Second Circuit; United States v. Too Toy (D. C.) 185 Fed. 838. See also United States v. Ju Toy, 198

U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040; Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369; United States v. Sing Tuck, 194 U. S. 161, 24 Sup. Ct. 621, 48 L. Ed. 917; United States v. Lee Huen (D. C.) 118 Fed. 442.

It will thus be seen that the Supreme Court, in a case where the Chinaman—claiming to be a citizen—was arrested when "physically and politically" in the United States, expressly held that the mere assertion of citizenship was not sufficient, but the "facts on which such a claim is rested must be made to appear." The court considers it unnecessary to offer an apology for inserting in this connection a review by Judge Hand of the case of Moy Suey:

"On the other hand, I shall likewise assume that section 3 of the Act of 1893, 27 Stat. 25, applies, and that the burden rests upon the defendant in spite of the fact that the issue is citizenship, and that he has been arrested in this country. It is quite true that in Moy Suey, 147 Fed. 697, 78 C. C. A. 85, a distinction is taken between a Chinese person entering the United States and so covered by United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040, and a Chinese person who has got in and is arrested here, but, that decision not being binding upon me, I cannot follow it. The doctrine of Ju Toy v. U. S., supra, which that case held had been implicitly affirmed in several previous cases, was this: The United States has the power to determine through the executive department the very issue of fact upon which its power of exclusion depends, and it is not enough to give jurisdiction to a court that that issue involved citizenship—a fact, which, if proved would remove the applicant from the operation of the power. Now, if the issue on which the power depends may itself be determined by executive officers, as an incident to the exercise of the power itself, it can be of no consequence whether the alleged alien be at the borders of the country or within it. A citizen is as much protected in his right to enter the country as in his right not to be deported, while he is here. Indeed that was expressly assumed in U. S. v. Ju Toy, 198 U. S. 263, 25 Sup. Ct. 644, 49 L. Ed. 1040. The point in that case was whether one who might be a citizen could have that right taken from him by executive hearing, and the decision admitted and accepted that possibility. Even if it be conceded that there is greater likelihood of that possibility's occurring in the case of persons arrested within the country, the power does not depend upon the unlikelihood of its depriving a citizen of his constitutional right. It exists, because it is a necessary incident to an unquestioned constitutional power, to the exercise of which is a reasonable adjective regulation. In Moy Suey v. U. S., supra, the court says that a citizen who has never gone out of the country may not be banished without judicial decision. This, it seems to me, involves two difficulties: First, it begs the question by assuming that the applicant had in fact always been within the country which after U. S. v. Wong Kim Ark, 169 U. S. 649, 18 Sup. Ct. 456, 42 L. Ed. 890, would involve his citizenship; and, second, it assumes that a citizen's rights are different after he leaves the country from what they are while in it, which, as I have already said, is not the law. A citizen, like any one else must submit to that determination, if it be a reasonable adjunct to an admitted national power." United States v. Too Toy, (D. C.) 185 Fed. 840, 841.

In scores of cases heard by the court at the El Paso division, where the number seems to be constantly augmenting, the rule has been uniform that the burden of proving citizenship rested upon the Chinaman. Were it otherwise held it would become increasingly difficult, if not impracticable, to so enforce the exclusion acts along the American-Mexican border as to expel Chinese persons having no lawful right to remain in the United States.

190 F.—18

The question next arises whether this court, in the determination of Chinese causes, should be controlled by what may not be inaptly classed as obiter dicta of the Circuit Court of Appeals; or whether its rulings should be governed by the decisions of the Supreme Court. A reply to this question scarcely admits of doubt. It is true that, in the absence of expression by the Supreme Court on a given question, it is the duty, as it has ever been the pleasure of this court, to acquiesce in and follow the rulings of the Circuit Court of Appeals for ·this circuit. But where the Supreme Court has spoken and proclaimed the law all other judicial tribunals should yield obedience to its judgments. As the final arbiter of all national judicial controversies its word is decisive, and its judgments are the law of the land.

Hence, this court holds, in obedience to the ruling of the Supreme Court, that Chinese persons, arrested for being unlawfully in the country and claiming to be citizens of the United States, must establish by affirmative proof, to the satisfaction of the justice, judge, or commissioner, as the case may be, the fact of their citizenship. Mere assertion will be unavailing; satisfactory proof should be made.

Has the appellant in the present case complied with this rule of evidence? The court will not enter upon an analysis of the testimony embodied in the record. It speaks for itself, and will doubtless reach the Circuit Court of Appeals where it may be examined. Suffice it to say the court has read and reperused it with unusual care, and after due consideration the court is of the opinion that the appellant has failed to establish that he is a native born citizen of the United States.

The judgment of the commissioner should therefore be affirmed, and it is accordingly so ordered.