## YOU FOOK HING v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 246.

1. ALIENS (§ 32\*)—PROCEEDINGS FOR DEPORTATION OF CHINESE PERSON—EVIDENCE.

The certificate of a United States Commissioner that a Chinese person had a full hearing before him and was adjudged to be lawfully in the United States by reason of being a citizen thereof is not competent evidence of either of such facts in a subsequent proceeding for his deportation.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.\*]

2. ALIENS (§ 32\*)—PROCEEDINGS FOR DEPORTATION OF CHINESE PERSON—REVIEW ON APPEAL.

The concurring judgments of a commissioner and a District Court, in proceedings for the deportation of a Chinese person, on a question of fact dependent on the credibility of defendant as a witness, will not be reviewed, where there is nothing unusual or extraordinary to call for a re-examination.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.\*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the District Court, Southern District of New York, filed May 9, 1913, affirming a decision of United States Commissioner Shields, dated March 22, 1913, which held that defendant is a Chinese person not lawfully entitled to be and remain in the United States and ordered him to be deported.

R. M. Moore, of New York City, for appellant.

F. M. Roosa, Asst. U. S. Atty., of New York City.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Defendant after some years' residence in this country left for China via Malone, N. Y., on January 21, 1909, and made application for readmission at the same place on August 21, 1909, under the name of Mah Sum or Mar Sum, relying on a certificate dated September 24, 1897, alleged to be signed by F. B. Sexton, United States commissioner for the Western district of Texas, and certified to by Walter D. Howe, also United States commissioner for that district. The so-called Howe certificate was never issued to defendant;

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he bought it when he left, in order to use it when he came back. He was denied admission at Malone, and turned over to the Canadian Pacific Railway Company for return to China. He went to Montreal, paid Canadian head tax, and subsequently smuggled back into the United States. He was examined under oath at Malone and again in this proceeding, making several inconsistent statements.

Practically the only contention on this appeal is that his right to enter and remain in the United States has been judicially determined in his favor. It is asserted that on March 20, 1896, the question came up on complaint of the United States attorney for the district of Vermont and was heard by Felix W. McGettrick, United States commissioner for said district, who, it is asserted, held that You Fook Hing had the lawful right to be and remain in the United States by reason of being a citizen thereof.

[1] What would be the effect of such a decision by a United States commissioner, whether or not it is a judicial determination of defendant's rights for all time, need not now be considered. There is no sufficient proof that any such inquiry was had before the United States commissioner in Vermont, or that any such decision was rendered by him. Defendant's counsel on the hearing before Commissioner Shields put in evidence a certificate, signed by McGettrick, stating that Hing had had a full hearing before him as United States commissioner and had been adjudged to be lawfully in the United States by reason of being a citizen thereof. This so-called certificate was not competent proof either of the alleged hearing or of the decision. U. S. v. Lew Poy Dew (D. C.) 119 Fed. 786; Ah How v. U. S., 193 U. S. 65, 24 Sup. Ct. 357, 48 L. Ed. 619. It should have been excluded.

[2] The only other testimony offered to show such examination and decision is that of defendant himself. Neither the commissioner nor the District Judge believed him. These two concurrent judgments dispose of the question of fact, there being nothing unusual or extraordinary to call for any re-examination. Chin Bak Kan v. U. S., 186 U. S. 201, 22 Sup. Ct. 891, 46 L. Ed. 1121. In view of the conflicting statements which the witness has made from time to time under oath, it is difficult to see how any weight could be given to his testimony.

The decision is affirmed.