CHIN AH YOKE v. WHITE, Immigration Com'r.

Ex parte CHIN AH YOKE.

(Circuit Court of Appeals, Ninth Circuit. August 20, 1917. Rehearing Denied October 8, 1917.)

No. 2859.

1. ALIENS ⬧═32(8)—PROCEEDINGS FOR DEPORTATION OF CHINESE—SUFFI-
   CIENCY OF EVIDENCE.
   Evidence *held* to sustain a finding by immigration officers that a Chinese woman, arrested for being unlawfully in the United States, was an alien, and not, as claimed, a native citizen.

2. ALIENS ⬧═32(5)—PROCEEDINGS FOR DEPORTATION OF CHINESE—JURISDIC-
   TION—BURDEN OF PROOF.
   The fact that a Chinese woman is arrested as an alien practicing prostitution in this country, in violation of the immigration laws, is sufficient to give the immigration officials jurisdiction to hear and determine the case, and on the hearing the burden of proof is on the defendant on all issues, including a claim to American citizenship.

3. ALIENS ⬧═32(9)—PROCEEDINGS FOR DEPORTATION OF CHINESE—FAIRNESS
   OF HEARING.
   That a witness, examined in deportation proceedings against a Chinese person, had left the state for his home, and could not be recalled by the commissioner for cross-examination, when requested by defendant, did not invalidate the proceedings, where the commissioner offered to hear the witness, if produced by defendant.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Chin Ah Yoke, alias Jane Doe, against Edward White, Commissioner of Immigration for the port of San Francisco. From an order dismissing the petition, petitioner appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The appellant appeals from the order of the court below sustaining a demurrer to a petition for a writ of habeas corpus. She had been arrested on the charge that she was an alien who had been practicing prostitution since her entry into the United States, and had been ordered deported. On the application for the writ the proceedings before the immigration officials were taken as part of the petition. It appeared therefrom that the appellant was

⬧═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

taken into custody on September 1, 1915; that she was examined on September 7, and again on September 20, 1915, at which examinations she refused to answer questions as to her identity, but asserted that she was born in the United States and was a citizen thereof, and that her father was looking after her case. On December 20, 1915, there were filed on her behalf her own and four other affidavits: The affidavit of Chin Duck Quong, who deposed that he was the appellant's father, and that she was born March 23, 1896, at a given number on Commercial street, San Francisco, that Lee Shee was her mother, that Lee Shee died on or about June 20, 1900, and that the appellant had never been out of the United States; the affidavit of Ho Shee, who stated in detail her knowledge of the fact that the appellant was born in San Francisco, that the affiant resided in the same building, and that she knew the appellant until the death of Lee Shee, the appellant's mother, and that the appellant was then placed in the custody of affiant, who cared for and raised her under the supervision of Chin Duck Quong, appellant's father; the affidavit of Chin Shee, who testified that he knew the appellant and her parents, that the appellant continued to reside with her parents until her mother's death, and thereafter was placed in the custody and care of Ho Shee, who lived in the same building; the affidavit of Chin Pak, who deposed that he had known the appellant since she was 2 or 3 years of age, that she was then living with her parents, Chin Duck Quong and his wife, Lee Shee, in San Francisco, and that he had seen the appellant at frequent intervals from that time to the present. None of these Chinese persons who so deposed was called or examined before the immigration officials.

[1] There can be no doubt that there was evidence sufficient to justify the conclusion that the appellant was practicing prostitution at the time when she was taken in custody. The question whether she was an American citizen was decided adversely to her upon the following evidence: Robinson, one of the commissioners, certified on January 5, 1916, that he had "received information from a Chinese source" that the woman under arrest came to the United States a few years ago as the wife of a "Lim" man; and another inspector, in his memorandum for the commissioner, stated that information had been conveyed to him from several sources after her arrest that the appellant was a prostitute, and that she came to this country as the wife of a "Lim" man, who had since departed for China. Upon the information thus received from anonymous sources, the immigration records were searched, and a photograph was found upon which the immigration officials reached the conclusion that the appellant was Wong Ah Muy, who came to the United States on October 7, 1912, and that she was therefore a Chinese alien. The photographs of Chin Ah Yoke and Wong Ah Muy were presented to the court below on the petition for the writ, and to this court on the appeal. We think that they afford substantial evidence to sustain the conclusion of the immigration officials. Not only is there a general resemblance between the photo-

graphs, with such difference as might be produced by three years of fast living, but the peculiar significance of the photographs is in the fact that in each there are two pits or pock marks, plainly visible, found in the identical position on each face.

[2] The appellant cites Moy Suey v. United States, 147 Fed. 697, 78 C. C. A. 85, and Gee Cue Beng v. United States, 184 Fed. 383, 106 C. C. A. 493, to the proposition that under her claim of citizenship she cannot be deported without an adjudication in a court, and that the burden is upon the government to prove that her claim of citizenship is unfounded. The doctrine of the cases so cited has not been accepted by other courts. In neither of the cases did the court take note of Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121, in which the court said:

"By the law the Chinese person must be adjudged unlawfully within the United States unless he 'shall establish by affirmative proof, to the satisfaction of such justice, judge or commissioner, his lawful right to remain in the United States.' "

See, also, Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, and United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354.

In United States v. Too Toy (D. C.) 185 Fed. 838, Judge Hand refused to follow the rule of Moy Suey v. United States, holding that in United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040, it had been decided that the United States has the power to determine through the Executive Department the very issue of fact upon which its power of exclusion depends, and that it is not enough to give jurisdiction to a court that that issue involves citizenship. In Yee Ging v. United States (D. C.) 190 Fed. 270, Judge Maxey refused to follow Gee Cue Beng v. United States, notwithstanding that it was a decision of the Circuit Court of Appeals of his circuit, and held that the burden of proof was upon the Chinese person to prove, as he claimed, that he was a natural-born citizen. The fact that the appellant here is charged with being a Chinese prostitute in the United States in violation of the Immigration Act of 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 898) is sufficient to show the jurisdiction of the immigration officials. United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354. And we hold that the burden of proof is not shifted upon the United States by the fact that the appellant claims to be a citizen of the United States. Lee Yuen Sue v. United States, 146 Fed. 670, 77 C. C. A. 96; Yee King v. United States, 179 Fed. 368, 102 C. C. A. 646.

[3] The appellant contends that the hearing was unfair in that her counsel was afforded no opportunity to cross-examine Wong Him Sing, who had given testimony on September 1 and 2, 1915, tending to show that the appellant was a prostitute. Wong Him Sing was an American citizen, and after his examination he returned to his home at Yuma, Ariz. It was explained to appellant's counsel that owing to that fact, Wong Him Sing could not be produced for cross-examina-

tion; but the immigration officials offered to hear the cross-examination of the witness, if the appellant had means by which to accomplish the opportunity. That was all that they were required to do, or could do. Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165.

The judgment is affirmed.