## SOO HOO YEE v. UNITED STATES et al.

(Circuit Court of Appeals, Second Circuit. November 3, 1924.)

No. 39.

1. Aliens ⬪⟿32(13)—Trial in District Court on appeal from commissioner in deportation proceedings is de novo.

On appeal from order of United States commissioner in deportation proceedings, the trial in the District Court is de novo.

2. Aliens ⬪⟿32(13)—Alleged alien need not submit testimony before commissioner in deportation proceedings, but may appeal directly to the District Court.

In deportation proceedings, the alleged alien need not submit testimony before the commissioner, but may directly appeal to the District Court for trial de novo in such court.

**3. Citizens ⬤�don3—Member of Mongolian race, born in United States of parents subject to its jurisdiction, is "citizen" of United States.**

Under Const. Amend. 14, a person of the Mongolian race, born within the United States of parents who were subject to its jurisdiction, is a citizen of the United States.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizen.]

**4. Aliens ⬤➩32(1)—Chinaman entitled to determination of whether he is citizen in judicial proceeding.**

Chinese person, who is found in the United States, and who claims right to remain because he is a citizen, is entitled to determination of such right in a judicial and not an administrative proceeding.

**5. Aliens ⬤➩32(13)—Evidence held to prove Chinaman a citizen, because born in this country.**

In deportation proceedings against Chinaman, evidence *held* to prove defendant a citizen, because born in this country.

**6. Evidence ⬤➩345(2) — Record of federal court may be proved in other United States court by clerk's certificate without judge's certificate that attestation is in due form.**

Record of federal court may be proved in any other court of United States by certificate of clerk under seal of court without certificate of judge that attestation is in proper form.

**7. Aliens ⬤➩32(6)—Hearsay evidence as to place of birth held admissible because best evidence obtainable.**

In deportation proceeding involving issue as to whether defendant was citizen of United States because born therein, testimony that parents of defendant had told witness that defendant had been born in the United States, though hearsay, was admissible, where the father was dead, and the mother, if living, was not in the United States, being the best evidence obtainable.

**8. Judgment ⬤➩540—Former adjudication on merits bar to further prosecution on same matters between same parties.**

A former adjudication on the merits is a bar to a further prosecution of the same matter between the same parties.

**9. Aliens ⬤➩32(6) — Certificate of United States commissioner in one district not competent evidence in other district as to disposition of deportation proceeding in first district.**

Certificate of United States' commissioner in one district was not competent evidence in other district as to disposition made in deportation proceeding in first district.

**10. Aliens ⬤➩32(9)—Defendant in deportation proceeding who claims to be citizen is entitled to prompt hearing and final disposition on merits.**

Defendant in deportation proceedings who asserts that he is a citizen and has a right to be in the United States is entitled to a prompt hearing of the case and to a final disposition of it on the merits.

3 F.(2d)—38

Appeal from the District Court of the United States for the District of Vermont.

Deportation proceeding by the United States and James C. Ford, Chinese Inspector, against Soo Hoo Yee. From a decree for deportation, on appeal from the Commissioner, defendant appeals. Decree reversed, and defendant discharged from custody.

Everett Flint Damon, of Boston, Mass. (Walter Bates Farr, of Boston, Mass., of counsel), for appellant.

Harry B. Amey, U. S. Atty., of Island Pond, Vt., for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. This is a deportation proceeding. The appellant is a Chinese person and a laborer, and it is alleged that he is unlawfully within the United States. The proceeding for his deportation was instituted by the Chinese Inspector at Newport in the state of Vermont, who filed a complaint against him, alleging therein that Soo Hoo Yee was in the United States in violation of the Chinese Exclusion Law (Comp. St. § 4320 et seq.). A warrant for his arrest was issued on June 14, 1923, and was executed and returned on the same day. Bail was fixed at $2,500, and was furnished with the National Surety Company as surety. The case finally was set for hearing on June 27, 1923. On that day the alien was present with his witnesses, and asked for a further continuance to enable him to prepare his case. This was refused, and the alien thereupon declined to introduce testimony, and no evidence was presented, either documentary or otherwise, to prove his right to remain in the United States. It was thereupon adjudged and decreed that Soo Hoo Yee be removed from the United States to the country from whence he came, the republic of China. From this order of the United States commissioner an appeal was taken to the United States District Court for the District of Vermont, and the alien was released on bail in the same amount as originally fixed.

The matter was heard before the district judge on November 20, 1923. At this hearing considerable testimony was introduced, and on November 21, 1923, a decree was entered which adjudged that Soo Hoo Yee was not entitled to be or remain in the United States, and ordered his removal to China. It directed the marshal of the district, or either of his deputies, to take the alien into

custody and remove him to the country from whence he came, to the republic of China.

From that order an appeal was taken to this court, and the appellant was again admitted to bail in the sum of $2,500.

[1, 2] A proceeding for the deportation of a Chinese person found in the United States and thought to be here unlawfully is commenced before a United States commissioner. But an appeal lies from his decision to the District Court, and in that court the trial is de novo. Liu Hop Fong v. United States, 209 U. S. 453, 28 S. Ct. 576, 52 L. Ed. 888; Ng Fung Ho v. White, 259 U. S. 276, 283, 42 S. Ct. 492, 66 L. Ed. 938. The fact that the appellant submitted no testimony before the commissioner but directly appealed his case to the District Court, which heard it de novo, involves no error. It was within his rights if he preferred such procedure.

[3] The Constitution provides that all persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States (the Fourteenth Amendment). While under the naturalization laws of the United States no provision is made for the naturalization of persons of the Mongolian race, it is clear that a person of that race is a citizen of the United States if he is born within this country of parents who are subject to the jurisdiction thereof. In United States v. Wong Kim Ark, 169 U. S. 649, 18 S. Ct. 456, 42 L. Ed. 890, it was held that a child born in the United States of parents of Chinese descent who at the time of his birth are subjects of the Emperor of the China, but have a permanent domicile in the United States, and are there carrying on business and are not employed in any diplomatic or official capacity by the government of China, becomes at the time of his birth a citizen of the United States.

It has been held in many cases that, where a Chinese person's right to be in the United States is challenged, the burden of proof is upon him to show his right to remain in this country.[1] But there are other cases in which it has been held that, where a Chinaman

claims to have been born in the United States, and is a citizen thereof, and is found in the United States, and the government seeks to deport him, it must establish its right to do so, and the burden is upon it to establish its case in the usual and ordinary way. "No rule of evidence may fritter it away."[2]

But in Chin Bak Kan v. United States, 186 U. S. 193, 198, 22 S. Ct. 891, 894 (46 L. Ed. 1121), the Supreme Court, referring to the statute, declared that "by the law the Chinese person must be adjudged unlawfully within the United States unless he 'shall establish by affirmative proof, to the satisfaction of such justice, judge, or commissioner, his lawful right to remain in the United States.' As applied to aliens there is no question of the validity of that provision, and the treaty, the legislation, and the circumstances considered, compliance with its requirements cannot be avoided by the mere assertion of citizenship. The facts on which such a claim is rested must be made to appear."

[4] A Chinese person who is found in the United States and claims a right to remain because he is a citizen is entitled to have his right determined not in an administrative but in a judicial proceeding. United States v. Woo Jan, 245 U. S. 552, 556, 38 S. Ct. 207, 62 L. Ed. 466. And this is the right of a Chinese person who claims to have been born in the United States and to have left it with the intention of returning. White v. Chin Fong, 253 U. S. 90, 93, 40 S. Ct. 449, 64 L. Ed. 797. And see Ng Fung Ho v. White, 259 U. S. 276, 284, 42 S. Ct. 492, 66 L. Ed. 938.

[5] But in this case it seems to us immaterial whether the burden of proving his citizenship rested on Soo Hoo Yee or did not inasmuch as it appears to us that the facts on which his claim of citizenship rests have been established by the proof. The fact of his birth in this country of Chinese parents who resided and carried on business here at that time, and for some years thereafter, has been satisfactorily shown. There is no evidence in the record to contradict the testimony which he gave on that subject and which is substantiated by other witnesses.

In the District Court Soo Hoo Yee was examined at some length. He stated that he

---

[1] Yee King v. United States, 179 F. 368, 102 C. C. A. 646; Kum Sue v. United States, 179 F. 370, 102 C. C. A. 648; United States v. Too Toy (D. C.) 185 F. 838; Yee Ging v. United States (D. C.) 190 F. 270; Bak Kun v. United States, 195 F. 53, 115 C. C. A. 55; United States v. Hom Lim, 223 F. 520, 139 C. C. A. 68; Fong Ping Ngar v. United States, 223 F. 523, 139 C. C. A. 71; Ng You Nuey v. United States, 224 F. 340, 140 C. C. A. 26; Chin Ah Yoke v. White, 244 F. 940, 157 C. C. A. 290; Sit Sing Kum v. United States (C. C. A.) 277 F. 191.

[2] Moy Suey v. United States, 147 F. 697, 78 C. C. A. 85; Gee Cue Beng v. United States, 184 F. 383, 106 C. C. A. 493; Fong Gum Tong v. United States, 192 F. 320, 112 C. C. A. 572; United States v. Charlie Dart (D. C.) 251 F. 394.

was born in San Jose in the state of California and was 45 years old; that he lived in San Jose about 9 years, when he went to China, embarking from San Francisco, accompanying his father, mother, uncle, and brother; that he remained in China until he was 22 years of age, and then returned to the United States in 1900 with his brother; that his uncle returned to this country, having preceded him, but his father remained in China; that on returning he arrived at Vancouver, going from there to Montreal, and then to Malone in the state of New York. At that place he was arrested, and had a hearing at which he was discharged from custody. He then went to Boston, where he remained for 5 years, when in 1906 he returned to China, and while there married. He came back to the United States in 1923, having arrived at Vancouver, going from there to Montreal, and from that place crossed the Vermont line into the United States in an automobile which he left about 6 o'clock in the evening. He slept in the woods that night, and in the morning walked to Cambridge Junction, where he took a train for St. Johnsbury, Vt., and upon his arrival there was arrested and taken before the United States commissioner.

Slu Hoo Fook, a Chinese person living at Melrose, in Massachusetts, where he had resided for 13 years, testified. He had known Soo Hoo Yee ever since he was 4 years of age, and Soo Hoo Yee's brother, father, and mother. He became acquainted with them in China on their return from this country, and declared that the father of Yoo Hee told him that the latter was born in California. This witness testified that when he himself came to the United States he landed at Vancouver, went on from there to Montreal, and from there to Malone, New York, where he was arrested and detained as being unlawfully in the United States, and that he there saw also in the detention house at Malone Soo Hoo Yee, who was held there under a like charge, and that this was in January, 1901. This testimony, if it be true, and it is not contradicted, identifies the appellant as being the Soo Hoo Yee in a deportation proceeding against one of that name in the Northern District of New York in January, 1901, and which resulted in his discharge.

The proceedings above referred to will now be considered. The appellant introduced in the court below a certificate made by the clerk of the United States District Court for the Northern District of New York and under the seal of the court certifying to the docket entries in Re United States v. Soo Hoo Yee, taken from the docket of the United States commissioner in that district on file in the clerk's office, and that the transcript certified was a correct copy of the original entries. He also certified to a transcript of testimony given in that proceeding, to which we shall subsequently refer, and to the final disposition made of that proceeding.

In You Fook Hing v. United States, 214 F. 77, 130 C. C. A. 517, this court had before it the certificate of a United States commissioner that a Chinese person had a full hearing before him and was adjudged to be lawfully in the United States by reason of being a citizen thereof. We held that this certificate was not competent proof either of the alleged hearing or of the decision, and should not have been received in evidence. This decision was in accordance with the decision of the Supreme Court in Ah How v. United States, 193 U. S. 65, 24 S. Ct. 357, 48 L. Ed. 619, where it was held that a written statement by a United States commissioner that a person having the same name as the Chinese person in the case then before the court had been brought before him on the charge that he was unlawfully in the United States, and had been adjudged to have the right to remain by reason of being a citizen, is not evidence of a judgment. The court said: "Apart from the possibility that the commissioner in the present hearing was not satisfied of the identity of the party, such a statement is not the certificate of evidence required by the act of 1892, and is not evidence of a judgment," citing United States v. Lew Poy Dew, 119 F. 786. The decision cited was made by Judge Ray in the District Court for the Northern District of New York, who in a deportation proceeding held that a certificate, signed by a United States commissioner, that complaint was presented before him charging that the defendant was unlawfully within the United States, that the defendant was brought before him, and upon full hearing he had adjudged that the defendant had a lawful right to remain in the United States and he was accordingly discharged, inadmissible in proof, as it was not a certified copy of the adjudication but a mere recital that such judgment had been rendered. He said:

"The judgment or determination of a court, or of an officer thereof authorized to render one, may be proved in two ways: By the original records duly identified, and,

if from another court, duly proved; or by a duly certified and authenticated copy. * * *

"The commissioner did not make a copy of his records or judgment, and certify that, but certifies in a general way that he did certain things and made certain adjudications. This is not the best evidence, or even the best secondary evidence; and, within the rule that requires the best evidence when obtainable, the certificate was properly rejected. * * *

"No more loose, dangerous, and unsatisfactory mode of proving the judgment of a court could be devised than to permit the introduction in evidence, against objection, of the mere unsworn statement of a commissioner that he has made a certain adjudication, when there is no statute making it his duty to make such a certificate. It is not the best evidence, nor is it sworn evidence, nor is it made evidence by any statute. * * * "

[6] The record of a federal court may be proved in any other court of the United States by a certificate of the clerk, under the seal of the court, without the certificate of the judge that the attestation is in due form. Turnbull v. Payson, 95 U. S. 424, 24 L. Ed. 437; National Acc. Soc. v. Spiro, 94 F. 750, 37 C. C. A. 388; Mason v. Lawrason, 16 Fed. Cas. 1046, 1 Cranch, C. C. 190; Murray v. Marsh, 17 Fed. Cas. 1059. And it is clear in the present case that the certificates of the clerk of the District Court given under the seal of the court were properly received in evidence in the court below.

[7] Among the papers certified by the clerk in the proceedings taken in the Northern District of New York, and which were begun against Soo Hoo Yee for his deportation in December, 1900, and terminated in January, 1901, was a transcript of the testimony given by one Yuen Gan, the uncle of Soo Hoo Yee. He testified that he was at the time he gave his testimony, and for 4 years prior, a resident of New York City. That he knew Soo Hoo Yee, and that he was a son of his sister, and that he knew he was born in San Jose, Cal., where he himself was residing at the time; that when they were living in San Jose the father of Soo Hoo Yee owned and conducted a grocery store and carried the business on for 10 years, and then they all went back together to China. This is corroborative of the testimony given by the appellant in the present proceeding—that he was born in the United States. This accorded also with the

testimony of Slu Hoo Fook given in the present proceeding, and already mentioned in this opinion, who stated that he had been told by the father and mother of Soo Hoo Yee that the latter was born in the United States. This was hearsay evidence, but under the circumstances was certainly admissible. The father of Soo Hoo Yee is dead, and the mother, if she be still alive, is not in the United States, and the evidence was the best attainable. There is nothing at all remarkable in the fact that Soo Hoo Yee, who left this country for China when he was 9 years old, or more than 35 years ago, and never returned to San Jose, knows no one there now who can testify as to his birth.

It is claimed that the proceeding against Soo Hoo Yee in the Northern District of New York in 1900, and his discharge by Judge Coxe therein, is res judicata, and established his right to remain in the United States, estopping the government from again, by the present proceeding, calling that right in question.

In Leung Jun v. United States, 171 F. 413, 96 C. C. A. 369, which was decided by this court, the immigration authorities sought to deport a Chinese person. It appeared that in 1903 he had applied for admission into the United States at the detention station at Malone, N. Y., where he was detained and was afterwards discharged. Later he was arrested on the charge that he had unlawfully entered the United States. He was taken before a United States commissioner, who, after a hearing, entered a judgment of discharge. Then in 1907 the question as to the right of Leung Jun to be in the United States was again challenged, and he presented the judgment rendered in 1903 as res judicata of his right to remain in the United States. In that case, as in this, citizenship was claimed. The lower court in that case held that the judgment of the United States commissioner in 1903 was not res judicata and did not establish the right of Leung Jun to enter the country, 160 F. 251. This was reversed by this court on the appeal, and it was held that the hearing was on the merits, and that the order made was not a discontinuance or dismissal, but that the defendant was "discharged."

An inspection of the record in the case pending shows a trial on December 22, 1900, of the case of United States v. Soo Hoo Yee and that he was "discharged, January 19, 1901, by order of Judge Coxe, Jan. 8, 1901." It also shows that witnesses were heard. We have already referred to some of the tes-

timony given at the hearing before the United States commissioner.

It is true that, while the United States commissioner had held a hearing in the proceedings in 1900, he had not rendered a decision of the case which led Judge Coxe to enter an order as follows:

"And it is further ordered that unless the remaining Chinese persons now in Franklin County jail under commitment from the said commissioner are decided within 10 days that they be discharged without further application to this court, and the commissioner is not bound to decide the said cases unless the government arranges to pay his fees."

And the record discloses that Soo Hoo Yee was one of "the remaining Chinese persons" referred to in the order. The record satisfies us that the Soo Hoo Yee who was "discharged" is the Soo Hoo Yee in the case now before us.

[8-10] A former adjudication is a bar to a further prosecution of the same matter which has been once litigated between the same parties and a judgment rendered on the merits. We think it sufficiently established that the subject-matter and the parties in the two proceedings are the same. But was the determination of the proceedings instituted in the Northern District of New York a judgment on the merits? This case is clearly distinguishable from that of You Fook Hing, 214 F. 77, 130 C. C. A. 517, in which this court held that a certificate signed by a United States commissioner, certifying that in 1896 a complaint had been made against You Fook Hing, alleging that he was unlawfully in the United States, and had no right to remain, and that after a hearing he had decided that the man had a lawful right to be and remain in the United States, being a citizen thereof, was not a bar to a subsequent proceeding. The certificate of the commissioner, who was a commissioner in the district of Vermont, was not competent evidence in the Southern District of New York as to what disposition was made of the Vermont proceeding. In the pending case the evidence submitted as to what happened in the prior proceeding was certified by the clerk of the court and under the seal of the court, and was properly received in evidence. It shows that a proceeding was instituted against this appellant on the same charge as is now made against him; that he was arraigned before a United States commissioner, and evidence was taken; that the commissioner failed to decide the issue, and indicated that he would not decide it because the United States would not pay his fees;

that this matter was brought to the attention of Judge Coxe who directed the Chinaman's "discharge," and he was accordingly discharged from custody. No appeal was taken. It is undoubted that one arraigned before a United States commissioner on a charge that he is unlawfully within the United States, and who denies the charge and asserts that he is a citizen and has a right to be here, is entitled to a prompt hearing of the case and to a final disposition of it on the merits. No man is to be harassed either by civil or criminal proceedings, and undoubtedly Soo Hoo Yee was entitled to a final disposition of the case on the merits. Whether he is now in a position to insist that what was done in the Northern District of New York was such a final disposition of the matter as makes it res judicata of the controversy is, however, another matter. And it is not necessary to decide that question, as it appears that the appellant is entitled to a reversal on the facts, irrespective of the technical question as to the alleged bar created by the former proceedings.

We are satisfied that the testimony establishes the fact that the appellant is a Chinese person born in the United States and subject to its jurisdiction, and is therefore a citizen of the United States, and as such lawfully entitled to remain within the country.

It is true that the manner of his return to the United States in June, 1923, was unwise and most indiscreet. It indicates a desire to escape the observation of the inspection officers with whom he thought he might have trouble. But too much importance can easily be attached to that conduct, and we are not disposed to regard it as sufficient to overcome his testimony supported by two other and disinterested witnesses that he was born in the United States. A person of his race well understood the difficulty he would encounter in establishing his right to enter the country under the circumstances. It is also true that on his arrival in Canada from China he told the Canadian Immigration officials that he was on his way to Cuba, although he was in fact on his way to the United States. But the fact that he misrepresented his intentions, while it impairs his own testimony, does not impair that of the witnesses who corroborate him.

The order and decree of the District Court adjudging that Soo Hoo Yee is unlawfully within the United States and directing that he be taken into custody and removed to the country whence he came, to wit, to the republic of China, is reversed, and his discharge from custody is hereby directed.