**YIP WAH v. NAGLE, Com'r of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. August 24, 1925. Rehearing Denied October 19, 1925.)

No. 4551.

Aliens ⬤⟞32(13)—Habeas corpus ⬤⟞29—Deportation proceedings held not so unfair as to warrant interference by court.

The admission in evidence, against an alien arrested for deportation, of statements made by persons not produced as witnesses, was improper and prejudicial, but did not necessarily render the proceedings invalid, and under the statute making the decision of the department conclusive, where defendant was given full opportunity to rebut any evidence against him, the proceedings were not so clearly unfair as to warrant defendant's discharge by a court on habeas corpus.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Petition by Yip Wah against John D. Nagle, Commissioner of Immigration at the Port of San Francisco, for writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. This is an appeal from an order dismissing on demurrer a petition of appellant for discharge on habeas corpus. Appellant is an alien, a native of China, who has resided in this country for 40 years. On the 15th of December, 1923, he was arrested under the authority of section 19 of the Act of February 5, 1917 (39 Stat. 889 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]). This statute provides for the deportation of "any alien who * * * is employed * * * in * * * any house of prostitution * * * or other place * * * habitually frequented by prostitutes."

Appellant was given a preliminary hearing December 19, 1923, and the further hearing of his case was deferred to permit him to secure counsel. On February 8, 1924, he appeared with counsel and submitted himself without objection to examination by the immigration authorities. There were further hearings on March 29, April 17, and June 20. At all of these hearings appellant was represented by his counsel. At the conclusion of the hearings the record was transmitted to the Secretary of Labor, and on the 13th of November, 1924, a warrant was issued for appellant's deportation to China.

The statute under which the proceedings were had provides: "In every case where any person is ordered deported from the United States under the provisions of this act, or of any law or treaty, the decision of the Secretary of Labor shall be final."

In Low Wah Suey v. Backus, 225 U. S. 460, 467, 468, 32 S. Ct. 734, 735 (56 L. Ed. 1165), it is said: "That Congress * * * may provide for the expulsion of aliens or classes of aliens from its territory, and may devolve upon the executive department or subordinate officials the right and duty of identifying and arresting such persons, is settled by previous decisions of this court. * * * A series of decisions in this court has settled that such hearings before executive officers may be made conclusive when fairly conducted."

Appellant's petition for discharge on habeas corpus claims that he was denied a fair hearing. The petition has attached to it a copy of the proceedings. The specification of error most insisted upon, and the only one which finds any support in the record, is the failure to accord appellant an opportunity to cross-examine Irma Morin, Lillian Casey, and Betty Hoffman. These women were interviewed by immigration inspectors at a house on Sutter street in San Francisco, where appellant had been employed for three months prior to his arrest. They admitted that they were prostitutes, plying their calling at the house in question. The Morin and Casey women being aliens, written statements were taken from them, which they signed. At the hearing on March 29, over the objection of appellant, these statements were received in evidence, and both on March 29 and April 17 Inspector Farrelly was permitted, over appellant's objection, to testify to what all three women had told him in appellant's absence.

Counsel for appellant repeatedly insisted on his right to cross-examine these women. The department failed to produce them for cross-examination, but the record satisfactorily shows its inability to do so. The women did not testify. Appellant was given ample opportunity to cross-examine the witnesses called against him, and he also had every opportunity to rebut the government's case. It was improper to receive the written statements of the Morin and Casey women. It was also improper to permit Far-

relly to testify as to what Betty Hoffman had said to him. The statements so received were very damaging, and, having been made in appellant's absence, they were not evidence proper to be considered against him. Whitfield v. Hanges, 222 F. 745, 752, 753, 138 C. C. A. 199.

But in the recent case of U. S. ex rel. Bilokumsky v. Tod, 263 U. S. 149, 157, 44 S. Ct. 54, 57 (68 L. Ed. 221), it is said: "A hearing granted does not cease to be fair merely because rules of evidence and of procedure applicable in judicial proceedings have not been strictly followed by the executive, or because some evidence has been improperly rejected or received. To render a hearing unfair the defect, or the practice complained of, must have been such as might have led to a denial of justice, or there must have been absent one of the elements deemed essential to due process."

Wholly apart from the admissions of the Morin, Casey and Hoffman women, there was evidence that the house where appellant was employed was a house of prostitution, and that appellant was aware of this fact. He admits that he was employed there, and also that he is an alien. The women were not called as witnesses in the hearing accorded appellant. The defect is the admission of improper testimony, not the denial of the right to cross-examine the government's witnesses. Under the rule announced in U. S. ex rel. Bilokumsky v. Tod, 263 U. S. 149, 157, 44 S. Ct. 54, 68 L. Ed. 221, this defect is not fatal. See, also, Chin Ah Yoke v. White, 244 F. 940, 157 C. C. A. 290.

We are mindful of the considerations emphasized by Mr. Justice Clarke in Kwock Jan Fat v. White, 253 U. S. 454, 464, 40 S. Ct. 566, 64 L. Ed. 1010. It is a serious matter to deport an alien who has resided in this country for 40 years. We have scanned this record with care, and find no error.

The order is affirmed.